**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joaquin GARCIA, Defendant–Appellant.**

No. 93–50737.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1995.

Decided Feb. 8, 1996.

Freddie Fletcher, Los Angeles, California, for defendant-appellant.

Julie A. Ryan, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: WALLACE, Chief Judge, HUG, and Daly HAWKINS, Circuit Judges.

HUG, Circuit Judge:

In this case, we must determine the applicability of the recent Supreme Court case of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), to Joaquin Garcia's conviction for use of a machinegun while drug trafficking in violation of 18 U.S.C. § 924(c)(1). We are also called upon to determine to what extent the Supreme Court's decision in *Staples v. United States,* 511 U.S. ——, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), requires the Government to prove the defendant's *mens rea* as an element of the crimes of possessing a machinegun with an obliterated serial number in violation of 26 U.S.C. § 5861, and using a machinegun in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

## I. FACTS AND PROCEDURAL HISTORY

The facts underlying Garcia's conviction are undisputed. On August 20, 1989, five Los Angeles County Sheriff's Deputies conducted undercover surveillance of an apartment complex in Southgate, California. When they arrived at the apartment, the officers found Cesar Cebreros at the back door of the apartment and appellant Garcia lying on the living room floor. The officers questioned Cebreros about rent and the neighborhood. Garcia translated the conversation from his position on the living room floor. When the officers asked Garcia to join the conversation at the door, they saw that he was holding a "kilo-sized" package wrapped in tape. They suspected that it contained cocaine. One of the officers then identified himself as a policeman and Garcia consented to the officers' entry into the apartment.

During a sweep of the apartment, the officers found and seized the package Garcia held. It contained 1,021 grams of cocaine. Upstairs, the officers found a machinegun in plain view and two other guns in a closet. Later searches of the apartment revealed 3.5 kilograms of cocaine, 124 grams of cocaine base, a kilogram of heroin, empty wrappings, cutting agents, and other tools of the drug trade. An officer later testified that the apartment appeared to be a typical stash house where drugs are stored and weapons are kept to protect the merchandise.

Garcia was arrested, tried, and convicted on five counts of possession with intent to distribute, two counts of possessing weapons without serial numbers, and one count of using a machinegun during and in relation to a drug trafficking crime. The district court imposed a 165–month sentence on the drug possession counts, a concurrent 120–month sentence for each of the two counts of possessing weapons without serial numbers, and a mandatory 360–month consecutive sentence for using or carrying a machinegun during or in relation to a drug trafficking offense.

Following his sentencing, Garcia petitioned the district court under 28 U.S.C. § 2255 to set aside his section 924(c)(1) 360–month con-

secutive sentence. The district court granted Garcia's request. Garcia and the Government appealed. The Government appealed the district court's decision to set aside the mandatory 360–month sentence under 18 U.S.C. § 924(c)(1). Garcia appealed his convictions, arguing as his sole basis that the officers' search of his residence and his subsequent arrest violated his Fourth Amendment rights. This court consolidated both appeals. We affirmed all of Garcia's convictions and reversed the district court's decision to grant Garcia's section 2255 petition. We remanded to the district court for the limited purpose of reimposing the mandatory 360–month sentence under 18 U.S.C. § 924(c)(1).

On remand, the district court reimposed the 360–month consecutive sentence and, upon recommendation from both parties, reduced the sentence on the narcotics convictions from 165 months to 151 months. Garcia then filed a notice of appeal.

## II. *USE OF A FIREARM*

Although not raised by the parties, this court will examine *sua sponte* the application of the recent Supreme Court opinion in *Bailey v. United States*, — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), to Garcia's conviction under 18 U.S.C. § 924(c)(1). Because controlling authority has made a contrary decision of law applicable to this issue, we conclude that Garcia's conviction should be overturned.

### A. *Law Of The Case Doctrine*

■ The application of the law of the case doctrine presents a significant question that must be addressed prior to applying *Bailey* to Garcia's conviction. In *Merritt v. Mackey*, 932 F.2d 1317 (9th Cir.1991), this court explained the doctrine very clearly:

"[U]nder the 'law of the case' doctrine, one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." The doctrine is discretionary, not mandatory. It merely expresses the practice of courts generally to refuse to reopen that which has been

decided, and is not a limitation of the courts' power.

*Id.* at 1320 (quoting *Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir.), *cert. denied*, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979)) (citations omitted). Although the observance of the doctrine is considered discretionary, this court has ruled that the prior decision should be followed unless:

(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.

*Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 675, 133 L.Ed.2d 524 (1995).

■ A prior panel of this court has ruled that Garcia's conviction under 18 U.S.C. § 924(c)(1) should stand. We will not disturb that finding absent the exceptional circumstances presented in *Hegler*. After a review of the record, we hold that the second exception is met in this case. Subsequent to the decision of the prior panel, *Bailey* was released and makes reconsideration appropriate.

### B. *Bailey's Effect On Garcia's Conviction*

Garcia was convicted under 18 U.S.C. § 924(c)(1) of using a machinegun in furtherance of a drug trafficking crime. The applicable provision of the statute reads:

Whoever, during and in relation to any ... drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years, ... and if the firearm is a machinegun, ... to imprisonment for thirty years.

18 U.S.C. § 924(c)(1). When Garcia was arrested, the officers found a machinegun in an upstairs bedroom. The underlying drug trafficking crime supporting Garcia's conviction was possession with intent to distribute heroin and cocaine. Based upon a police officer's expert testimony, the jury determined that Garcia "used" the machinegun to

protect the stash of drugs and found Garcia guilty.

Prior to *Bailey,* Garcia's conviction was proper under the authority of this circuit. We had consistently held that possession of a gun is enough to support a conviction under section 924(c)(1) if the jury could reasonably infer that the possessed gun could have played a role in the crime. *United States v. Torres–Rodriguez,* 930 F.2d 1375, 1385 (9th Cir.1991); *United States v. Moore,* 580 F.2d 360, 362 (9th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 463, 58 L.Ed.2d 430 (1978). Therefore, prior to *Bailey,* the jury could have properly inferred that Garcia "used" the machinegun during and in relation to the drug offense by simply possessing the machinegun in the same household with the drugs.

In *Bailey,* the defendant was arrested when the police pulled him over for a routine traffic violation. Bailey had no driver's license and a search of his car revealed 27 plastic bags of cocaine. After his arrest, the police searched the trunk of the car and found a loaded 9–mm. pistol. Bailey was charged and convicted of using a gun for drug trafficking in violation of 18 U.S.C. § 924(c)(1). In *United States v. Robinson,* consolidated with *Bailey* before the D.C. Court of Appeals in an en banc hearing, the defendant made several sales of drugs to a confidential informant. When the apartment was searched, a gun was found and the defendant was charged under section 924(c)(1). Both Robinson and Bailey were convicted under the statute and their sentences were affirmed by the D.C. Court of Appeals. *See United States v. Bailey,* 36 F.3d 106 (D.C.Cir.1994) (en banc), *rev'd,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

The Supreme Court reversed both Robinson and Bailey's convictions and held that section 924(c)(1) requires active use or carrying of the firearm in commission of the drug trafficking crime. *Bailey,* —— U.S. at ——, 116 S.Ct. at 506. It is not enough that a defendant store a gun near drugs. A conviction under the "use" clause of section 924(c)(1) requires that the Government show "active employment of the firearm." *Id.*

■ The undisputed facts of this case will not support Garcia's conviction under 18 U.S.C. § 924(c)(1) under the "active employment" test announced in *Bailey.* The officers never observed Garcia holding or using the gun. The machinegun was found upstairs in the apartment, albeit in plain view. "A defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds. Storage of a firearm, without its more active employment, is not reasonably distinguishable from possession." *Id.* at ——, 116 S.Ct. at 508. Even if the Government were to argue that Garcia was keeping the gun at the ready for protection in connection with the drug offense, the conviction cannot stand. As the Supreme Court concluded:

> Some might argue that the offender has "actively employed" the gun by hiding it where he can grab and use it if necessary. In our view, "use" cannot extend to encompass this action. If the gun is not disclosed or mentioned by the offender, it is not actively employed, and it is not "used." To conclude otherwise would distort the language of the statute as well as create an impossible line-drawing problem.

*Id.* at ——–——, 116 S.Ct. at 508–09. Under the authority of *Bailey,* the conviction of violating section 924(c)(1) is reversed.

### III. *CONVICTION UNDER SECTION 5861*

■ Garcia also asks this panel to reverse his conviction under 26 U.S.C. § 5861 in light of the Supreme Court's opinion in *Staples v. United States,* 511 U.S. ——, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). However, the conviction under 26 U.S.C. § 5861 was dispositively dealt with by a prior panel of this court. At that time, Garcia did not argue that the Government needed to show his knowledge of the weapon's illegal characteristics in order to obtain a conviction. The prior panel's opinion remanded only one issue to the district court for adjudication—the conviction under 18 U.S.C. § 924(c)(1). While we will review the district court's determination regarding the remanded matter, we will not exercise our discretion to reopen a conviction that was not remanded for further proceedings.

*CONCLUSION*

We **REVERSE** Garcia's conviction under 18 U.S.C. § 924(c)(1) and **REMAND** to the district court for resentencing. We **AFFIRM** the judgment of the district court in all other respects.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**