79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adrian Keith FINNELL, Defendant-Appellant.
 No. 94-50204.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Filed Dec. 5, 1995.
Withdrawn March 19, 1996.
Decided March 19, 1996.
 
 Before: HUG, Chief Judge, LEAVY, Circuit Judge, and MUECKE,* District Judge.
 MEMORANDUM**
 Adrian Keith Finnell challenges his convictions following a bench trial for possession with intent to distribute cocaine base, for being a felon in possession of a firearm, and for using a firearm in connection with a narcotics offense on the ground that insufficient evidence existed to support his convictions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.
 Finnell alleges that the Government improperly impeached his grandmother, and that without the improper impeachment evidence, insufficient evidence existed to support a finding that he constructively possessed the 39 grams of cocaine base and the fully loaded and operable .357 caliber revolver found under a bed in Finnell's grandmother's home. Sufficient evidence exists to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995).
 Because Finnell was not present when the cocaine and the firearm were discovered, the Government needed to establish that Finnell constructively possessed the cocaine. To prove constructive possession, the Government must demonstrate: 1) that Finnell knew of the presence of the cocaine, and 2) that he had the power to exercise dominion and control over it. See United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir.1985). Constructive possession may be proved with circumstantial evidence. United States v. Ocampo, 937 F.2d 485, 489 (9th Cir.1991).
 Viewing the evidence in the light most favorable to the Government, the Government established that Finnell knew of the cocaine and firearm's presence and that he exercised dominion and control over them. At the bench trial, the Government presented evidence that the red shoe box was found under a bed in Finnell's grandmother's home; that in the red shoe box, several clear plastic bags containing 37 grams of cocaine base, a fully loaded .357 revolver, a hand-held scale, a Bank of America savings account book with Finnell's name typed inside, and a black wallet were found. The black wallet contained Finnell's signed social security card, Finnell's signed Summer Youth Employment card, a California Identification card bearing his photograph and his grandmother's address, Finnell's Four Star Video card, a Delcombers Pagers and Cellular Telephone card bearing Finnell's name and his pager number, and an Allstate Insurance card bearing Finnell's name and his grandmother's address.
 Additionally, the court heard Detective Simms' testimony that Finnell admitted to him over the phone that the drugs were his. Finally, the court heard testimony from Officer Ruegg, a narcotics expert, that cocaine base would be possessed with the intent to distribute, and that narcotics paraphernalia, such as the drug scale and a loaded firearm, are evidence of drug trafficking.
 We conclude that the court had ample evidence before it, without the impeachment evidence, to support a finding of constructive possession.
 Although the finding of constructive possession will support most of Finnell's convictions, Finnell's conviction for use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) must be reversed. The Supreme Court's recent decision in Bailey v. United States, --- U.S. ----, 116 S.Ct. 501 (1995), holds that section 924(c)(1) requires active use or carrying of a firearm to support a conviction. Id. at 506. Storing a gun near drugs will not allow for an individual to be convicted under the statute. United States v. Garcia, --- F.3d ----, 1996 WL 48820, at * 3 (9th Cir.1996).
 We REVERSE Finnell's conviction under 18 U.S.C. § 924(c)(1) and REMAND to the district court for resentencing. We AFFIRM the judgment of the district court in all other respects.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3