108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Anita GAGE, Defendant/Appellant.
 No. 95-50212.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1996.*
Decided Dec. 16, 1996.
 
 Before: HALL, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anita Gage appeals from an order denying her motion for reduction of sentence under 18 U.S.C. § 3582(c). Gage was convicted of one count of Conspiracy to Aid and Abet the Manufacture of Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. The district court determined that the appropriate offense level under the Sentencing Guidelines was 42 and sentenced her to life imprisonment. On December 1, 1994, this court affirmed Gage's conviction and sentence. Gage then brought a motion for reduction of sentence pursuant to 18 U.S.C. § 3582 which was denied by the district court. We affirm that denial because the issues raised on appeal were either correctly decided by the district court, precluded by Ninth Circuit precedent, or not raised before the district court.
 
 I.
 
 3
 Gage argues that the district court should have sentenced her under Guidelines 2D1.11 rather than 2D1.1. This argument is not appropriate for a § 3582(c)(2) motion because there has been no relevant Guidelines amendment since Gage's sentencing.
 
 
 4
 In addition, the law of the case doctrine counsels against revisiting this issue. See, e.g., United States v. Garcia, 77 F.3d 274, 276 (9th Cir.1996). We previously dismissed this argument when offered before in this case, relying on the sound precedent of United States v. Myers, 993 F.2d 713, 715 (9th Cir.1993). See United States v. Arlt, No. 92-50467 (9th Cir. July 12, 1994) (memorandum affirming Gage's conviction). Although we have the discretion to reconsider our prior decision, that discretion is reserved for "exceptional circumstances." Garcia, 77 F.3d at 276. Gage has made no showing as to why we should reconsider this court's decision in this case.
 
 II.
 
 5
 In her § 3582 motion, Gage argues that the district court did not take into consideration the distinction between l-methamphetamine and d-methamphetamine. This issue is not properly raised in a § 3582 motion, but the district court could have interpreted Gage's motion as a § 2255 motion. In any case, we explicitly rejected this argument in United States v. McMullen, 98 F.3d 1155 (9th Cir.1996). Accordingly, we reject Gage's claim here.
 
 III.
 
 6
 Finally, Gage seeks from this court a reduction in her sentence because of a subsequent amendment to section 2D1.1. Gage did not raise this argument in her motion before the district court. In 1994, section 2D1.1 was amended to lower the maximum offense level under that section to 38. U.S. Sentencing Guidelines Manual, App. C, amendment 505 (1995). In 1995, this amendment was made retroactive by an amendment to section 1B1.10(c). U.S. Sentencing Guidelines Manual, App. C, amendment 536 (1995). A court can resentence a defendant when a Guideline sentence is reduced by an amendment that the Sentencing Commission has chosen to apply retroactively. 18 U.S.C. § 3582(c).
 
 
 7
 Gage's argument may be meritorious, but it was raised before the wrong court. Section 3582(c)(2) grants to the district court the power to reconsider a sentence. See United States v. Jones, 55 F.3d 289, 296 (7th Cir.1995), cert. denied, 116 S.Ct. 161 (1995). We therefore dismiss this portion of Gage's appeal without prejudice to her right to petition the district court for appropriate relief.
 
 
 8
 The district court's denial of Gage's 18 U.S.C. § 3852(c)(2) motion is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3