107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon Mabel DAY, Defendant-Appellant.
 No. 96-30192.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 30, 1997.
 
 Before: WRIGHT, ALARCON AND CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sharon Mabel Day once again appeals her sentence on charges of conspiracy to commit fraud, 18 U.S.C. § 371, mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and credit card fraud, 18 U.S.C. § 1029. Day was initially sentenced to thirty-six months imprisonment (an upward departure), three years of supervised release, and restitution in the amount of $48,130.28. On Day's first appeal, we affirmed the convictions, but vacated the sentence and remanded for resentencing. United States v. Day, No. 94-30038 (9th Cir. Nov. 10, 1994). On remand, the district court sentenced Day to twenty-four months imprisonment (an upward departure), three years supervised release, and restitution of $45,630.28. On Day's second appeal, we upheld the district court's authority to depart upward, as well as the imposition of restitution. We held, however, that the district court had not explained the basis for the extent of departure to twenty-four months imprisonment. We therefore vacated Day's sentence and remanded for resentencing. United States v. Day, No. 95-30011 (9th Cir. Apr. 5, 1996) (unpublished memorandum).
 
 
 3
 On remand, the government moved for reentry of judgment without a hearing, on the theory that the upward departure had become moot because Day had finished her sentence of twenty-four months imprisonment. The district court accordingly reimposed the sentence of twenty-four months imprisonment, three years supervised release, and restitution of $45,630.28. There was no sentencing hearing, and Day did not appear. The district court did not explain its reasons for the extent of the upward departure.
 
 
 4
 The government now confesses error, indicating that it inadvertently misled the district court in asserting that the upward departure was moot. The term of supervised release, which Day is currently serving, begins at the point when Day is released from prison. If her sentence of twenty-four months imprisonment were reduced upon resentencing, she would finish her three-year period of incarceration earlier than now scheduled. Day is entitled to be present at all critical stages of her criminal proceeding. Bartone v. United States, 375 U.S. 52 (1963). She is entitled to be present at the imposition of her sentence. Fed.R.Crim.P. 43. Day also enjoys a right of allocution at sentencing. See United States v. Behrens, 375 U.S. 162, 168 (1963). Accordingly, the government concedes that Day was entitled to be present at her resentencing, and that a further remand is necessary. We therefore vacate Day's sentence, and remand for another resentencing. If the district court departs upward, it shall explain its reasons for the extent of the departure. See United States v. Streit, 962 F.2d 894, 907 (9th Cir.), cert. denied, 506 U.S. 962 (1992).
 
 
 5
 Day presents several additional arguments on this appeal, and we find none of them meritorious. First, Day contends that Judge Hatfield was required to recuse himself pursuant to 28 U.S.C. § 455(a) or, at a minimum, was required to have another judge rule on Day's motion for recusal, pursuant to 28 U.S.C. § 144. Day's motion was implicitly denied by Judge Hatfield when he resentenced Day.
 
 
 6
 Judge Hatfield was not required to refer Day's motion to another judge under section 144, however, if the motion and supporting affidavit were legally insufficient to establish grounds for recusal. See United States v. Azhocar, 581 F.2d 735 (9th Cir.1978), cert. denied, 440 U.S. 907 (1979). We conclude that Day's grounds were legally insufficient under section 144, and further conclude that Judge Hatfield was not required to recuse himself under 28 U.S.C. § 455(a) to avoid the appearance of partiality.
 
 
 7
 The only ground urged by Day is that the record contains allegations that she is a member of a group called "We the People," and that group has "apparently filed liens" against Judge Hatfield, along with numerous others. Day's affidavit is conclusionary and fails to establish that any such lien was actually filed against Judge Hatfield. More important, a defendant or her affiliate is not entitled to create grounds to disqualify a judge. See Standing Committee on Discipline v. Yagman, 55 F.3d 1430, 1443 (9th Cir.1995) ("a party cannot force a judge to recuse himself by engaging in personal attacks on the judge"). Any other rule would permit the defendant to dictate the assignment of her judge. See id. at 1444. We therefore reject Day's arguments concerning recusal.
 
 
 8
 Finally, Day argues that the district court erred in not revisiting the amount of restitution when it resentenced her. Day points out that we vacated her sentence and remanded for resentencing. In the absence of a limited remand, the district court was not limited to reconsideration of only a particular portion of the sentence. See United States v. Petty, 80 F.3d 1384, 1388 (9th Cir.1996). Day has produced no authority, however, for the proposition that the district court was required to revisit the question of restitution, after we had affirmed the court's previous ruling. Day's arguments that the district court erred in imposing the restitution that it did were addressed in Day's last previous appeal. We adhere to the law of the case and will not entertain those arguments again on this appeal. See United States v. Garcia, 77 F.3d 274, 276 (9th Cir.1995).
 
 
 9
 Of all of Day's arguments, therefore, we find merit only in the contention that Day was entitled to be present and to exercise her right of allocution at resentencing. The government appropriately has conceded error on that point. We therefore vacate Day's sentence and remand for resentencing, with any upward departure to be accompanied by an explanation of its extent.
 
 
 10
 SENTENCE VACATED; REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3