131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Preston Joel MAYS, Defendant-Appellee.
 No. 96-10253.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 6, 1997.
Filed Nov. 14, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, Jr., District Judge, Presiding.
 Before: CHOY, GOODWIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Preston Joel Mays appeals his conviction by challenging the district court's denial of two motions. His motion to suppress evidence obtained in the course of searches was the subject of the appeal in a companion case, United States v. O'Reilly, 1997 U.S.App. LEXIS 13215 (9th Cir. July 5, 1997), wherein this court affirmed the district court's denial of a similar motion. The second is a motion to suppress testimony of prior conduct.
 
 
 3
 Under the law of the case doctrine, we decline to exercise our discretion to revisit the issues presented in United States v. O'Reilly. The truck registration sticker did not match the DMV records, computer records showed that O'Reilly's license had been suspended, a veteran police officer testified to his experience regarding suspended licenses and acted upon that experience, and O'Reilly drove away when the police approached her truck. We held that this combination of circumstances gave the officers probable cause to arrest O'Reilly and search her truck, and enforcement of this decision does not work a manifest injustice. See United States v. Garcia, 77 F.3d 274, 276 (9th Cir.1996).
 
 
 4
 On the second motion, we hold that the district court did not abuse its discretion in denying Mays' motion to exclude O'Reilly's testimony regarding Mays' involvement in multiple prior manufactures of methamphetamine. This evidence was admissible as permitted by Fed.R.Evid. 404(b), and alternatively as an exception to Rule 404(b).
 
 
 5
 Under the four-part test used to analyze evidence admitted pursuant to this rule, United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1991), the district court did not err in finding that there was sufficient evidence presented to show that Mays committed these prior acts. The acts were not too remote, allegedly occurring up to the point at which the methamphetamine was found in the truck, and they were similar acts to the one act of manufacture which produced the methamphetamine found in the truck.
 
 
 6
 Neither did the district court abuse its discretion in finding that the evidence was relevant, to prove essential elements of the crimes charged, going as it did to the issues of knowledge, intent and the absence of mistake or accident. For the charged crimes of possession of narcotics and of a firearm, Mays' knowledge was material to the government's case. Further, knowledge, association and plan are essential elements of the charge of conspiracy. United States v. Jones, 982 F.2d 380, 382-383 (9th Cir.1993). Knowledge of the objective of the conspiracy is also an essential element. United States v. Schmidt, 947 F.2d 362, 367 (9th Cir.1991). Moreover, this evidence was highly probative in light of Mays' anticipated defense that he did not reside at the Stockton house.
 
 
 7
 Alternatively, the district court did not abuse its discretion in holding that another basis for admitting this evidence was as an exception to Rule 404(b). The evidence of prior manufacture was inextricably intertwined with, and part of the same transaction as, the particular manufacture, possession and conspiracy with which Mays was charged. United States v. Santiago, 46 F.3d 885, 889 (9th Cir.1995), cert. denied, 55 U.S. 1162 (1995). It constituted part of the transaction that served as the basis for the criminal charges, and was necessary to permit the prosecutor to offer a coherent and comprehensive story regarding the commission of the crime. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-1013 (9th Cir.1995). There was sufficient contextual connection between the prior manufacture and the manufacture which created the drugs which were seized. And O'Reilly's testimony tended to show a connection between her possession of the night vision binoculars for use as a lookout and the charged offenses.
 
 
 8
 Finally, the district court did not abuse its discretion in finding that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice to Mays. Admission of this evidence may very well have made conviction of Mays more likely, but this result is common when there is evidence of high probative value. Nothing suggests this judgment was the result of an emotional response from a jury wishing to convict someone showing a dangerous potential. See United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir.1982).
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3