**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**KENNETH C., a juvenile, Defendant—Appellant.**

No. 01–50235.
D.C. No. CR–99–01431–JSR.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 26, 2002.*

Decided Dec. 30, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before CANBY, MCKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

Kenneth C., a juvenile, appeals from the judgment entered on remand after our ruling in *United States v. Juvenile Male (Kenneth C.)*, 241 F.3d 684, 686 (9th Cir. 2001) *("Kenneth I")*. On remand, the district court reinstated its prior adjudication of delinquency and sentence. Because the Assistant U.S. Attorney who signed the juvenile need certification was serving as the Acting U.S. Attorney on the day in question, we affirm.

I.

■ Kenneth C. argues that our opinion in *Kenneth I* conflicts with *United States v. Doe*, 98 F.3d 459 (9th Cir.1996) ("Doe 1996"). He suggests that we should therefore call for *en banc* review of this case. This issue was raised by Kenneth C. and rejected in *Kenneth I*. We explained that *Doe 1996* did not present the issue raised here. *Id.* The issue decided in *Doe 1996* was whether an Assistant U.S. Attorney, acting solely in such capacity, could sign the need certification required by 18 U.S.C. § 5032. In *Kenneth I*, however, the issue was whether an Assistant U.S. Attorney, when acting as the U.S. Attorney, could sign a need certification. We answered that question in the affirmative, and our decision in *Kenneth I* constitutes "the law of the case." *United States v. Garcia*, 77 F.3d 274, 276 (9th Cir.1996).

II.

Kenneth C. also argues that *Kenneth I* conflicts with the Supreme Court's decision in *United States v. Giordano*, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974). In *Giordano*, the Supreme Court interpreted the wiretap certification provisions of 18 U.S.C. § 2516(1) as explicitly limiting the power to authorize applications for wiretap permits to the Attorney General and to his designated Assistant Attorney General. The Court also noted that the legislative history behind 18 U.S.C. § 2516(1) indicated that Congress wanted only the highest level Justice Department officials to authorize wiretap permits. In contrast, § 5032 is silent with respect to delegation and there is no analogous legislative history to support Kenneth C.'s arguments. Under these circumstances, the reasoning in *Giordano* does not apply here. Accordingly, we reject this challenge to our ruling in *Kenneth I*.

III.

Next we reject Kenneth C.'s argument that there is no evidence that the Assistant Attorney General in charge of the Criminal Division under President Clinton delegated his authority to sign need certifications to the United States Attorneys under 28 C.F.R. § 0.57. Kenneth C. cites nothing to support a claim that the March 12, 1985 memorandum delegating such authority was not operative at the time this case was filed. Indeed, the United States Attorney Manual makes it clear that "the authority to proceed with this certification has been delegated to United States Attorneys ... [pursuant to] 28 C.F.R. § 0.57 and the Memorandum dated March 12, 1985 to all United States Attorneys from Stephen S. Trott, Assistant Attorney General for the Criminal Division."

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

IV.

█ Kenneth C. also argues that if the authority to sign § 5032 need certifications can be delegated to an Assistant U.S. Attorney, 28 C.F.R. § 0.131 requires that the U.S. Attorney do so only if he or she is unable to perform the duties of the office. Kenneth C. asserts that "mere" physical absence from the office would not suffice. We did not, however, so limit our holding in *Kenneth I,* and we decline to do so now.

V.

Kenneth C. raises one final argument—that the government's interpretation of 28 C.F.R. § 0.131 is unconstitutional under the Appointments and Vacancies Clauses of the Constitution. We decline to reach this issue because Kenneth C. has raised it for the first time in his reply brief. *See United States v. Wright,* 215 F.3d 1020, 1030 (9th Cir.2000) ("[Defendant] also raised a new argument for the first time in his reply brief ... Because this argument was not raised previously, we decline to consider it."); *see also Boldt v. Crake (In re Riverside–Linden Inv. Co.),* 945 F.2d 320, 324 (9th Cir.1991).

█ Because the uncontested evidence before the district court established that Assistant U.S. Attorney Patrick O'Toole was serving as Acting U.S. Attorney on the day in question, the need certification complied, with § 5032 and therefore the district court properly reinstated the judgment of delinquency and sentence.

AFFIRMED