## UNITED STATES of America, Plaintiff–Appellee,

v.

## John DOE, Defendant–Appellant.

### No. 92–30258.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 1993 *.

Decided Dec. 28, 1993.

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Philip Gordon, Sallaz, Doolittle & Gordon, Boise, ID, for defendant-appellant.

Joanne P. Rodriguez, Asst. U.S. Atty., Boise, ID, for plaintiff-appellee.

Before: WRIGHT, BEEZER and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Defendant John Doe appeals his adjudication of juvenile delinquency for knowingly engaging in sexual contact with a person younger than twelve years of age, in violation of 18 U.S.C. §§ 5031 and 2244(a)(1). Defendant contends that the district court never acquired jurisdiction because the government failed to comply with 18 U.S.C. § 5032, and that the court improperly relied on groundless inferences in sentencing him to a three year term of imprisonment and recommending incarceration with the California Youth Authority. We conclude that although this court has jurisdiction over the appeal, the district court lacked jurisdiction to commence juvenile delinquency proceedings against the minor. Therefore we vacate the adjudication of delinquent status, vacate the sentence imposed and remand to the district court with instructions to dismiss the information without prejudice.

## I.

Section 5032 of the United States Code, Title 18, sets out two different certification requirements for juvenile delinquency proceedings in federal district courts: (1) a "need certification" provision, requiring certification by the Attorney General that there is a need for proceedings to take place in federal rather than state court; and (2) a "record certification" provision, requiring delivery to the federal court of any prior juvenile court records or certification by the juvenile court that there are no such records. The need certification provision states:

A juvenile alleged to have committed an act of juvenile delinquency ... shall not be proceeded against in any court of the Unit-

ed States unless the Attorney General, after investigation, certifies to the appropriate court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or [a drug offense], ... and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

18 U.S.C. § 5032 ¶ 1 (1988). The record certification provision states:

> Any proceedings against a juvenile shall not be commenced until any prior juvenile court records of such juvenile have been received by the court, or the clerk of the juvenile court has certified in writing that the juvenile has no prior record, or that the juvenile's record is unavailable and why it is unavailable.

*Id.* ¶ 10.

The government filed an information charging Doe with juvenile delinquency on April 19, 1991, and on the same day filed the need certification pursuant to the first clause of section 5032, certifying that the appropriate state court lacked jurisdiction over him. Doe made his initial appearance before the court on June 4. On June 12, the prosecutor filed the record certification, stating that the government "kn[ew] of no prior juvenile court record pertaining" to Doe. The certification was signed by the assistant United States Attorney prosecuting the case, rather than a clerk of the court. Doe, who had no

juvenile records, did not object to the record certification before the district court.

■ Doe contends that because the United States Attorney failed to certify to the court, prior to commencement of proceedings against him, "that the juvenile has no prior record, or that the juvenile's record is unavailable and why it is unavailable," the district court never acquired jurisdiction.[1] We review this issue of statutory interpretation de novo. *See United States v. Doe,* 862 F.2d 776, 779 (9th Cir.1988).

## II.

■ "Certification is a jurisdictional requirement." *United States v. Baker,* 10 F.3d 1374 (9th Cir.1993); *United States v. Juvenile Male,* 864 F.2d 641, 643 (9th Cir.1988). *But see United States v. Gonzalez–Cervantes,* 668 F.2d 1073, 1077 (9th Cir.1988) (holding that the filing of an accurate need certification is not jurisdictional). "Proceedings" under section 5032 begin with the filing of the information. *See United States v. Doe,* 631 F.2d 110, 112–13 (9th Cir.), *cert. denied,* 449 U.S. 867, 101 S.Ct. 202, 66 L.Ed.2d 86 (1980); *United States v. Brian N.,* 900 F.2d 218, 221 (10th Cir.1990). Here, the government did not file the record certification until nearly two months after the information was filed. Further, the record certification was signed by the Assistant United States Attorney rather than a clerk of the court as mandated by section 5032. The government clearly failed to meet the record certification requirement.[2]

■ Compliance with section 5032's jurisdictional prerequisites is necessary for federal court jurisdiction to exist. In accordance with all other circuits to have considered the issue, we conclude "that no proceeding may be commenced against a juvenile under section 5032 until the juvenile records or certifi-

---

1. Defendant's argument that the government also failed to meet the need certification requirement is without merit. The government must show a substantial federal interest only when it certifies a serious felony crime. Here, the government based its certification on the absence of jurisdiction in the juvenile court and not on the nature of the crime. *See United States v. Juvenile Male,* 864 F.2d 641, 643, 645–46 (9th Cir.1988).

2. Unlike the cases cited by the government, which involved the need certification, the statutory provision applicable to this case states that proceedings shall not be commenced *until* the record itself, or a record certification, is filed. *See Gonzalez–Cervantes,* 668 F.2d at 1077 n. 6.

cation of the appropriate authority are received by the district court." *United States v. Juvenile Male,* 923 F.2d 614, 620 (8th Cir.1991). *See also United States v. M.I.M.,* 932 F.2d 1016, 1019 (1st Cir.1991) (dismissing case for lack of jurisdiction due to clear directive of section 5032 that no proceedings against a juvenile can commence until the court receives at least a good faith proffer of the juvenile records or a certificate as to their absence); *United States v. Brian N.,* 900 F.2d at 221 (same).

Because the jurisdictional requirements of section 5032 were not met, we vacate the adjudication of delinquent status. The case is remanded to the district court with instructions to dismiss the information without prejudice.

VACATED AND REMANDED.