UNITED STATES of America,
Plaintiff–Appellee,

v.

LYNDELL N., Defendant–Appellant.

No. 97–10034.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 18, 1997.

Decided Sept. 15, 1997.

Nancy L. Hinchcliffe, Phoenix, AZ, for defendant-appellant.

Wallace H. Kleindienst, Assistant United States Attorney, Phoenix, AZ, for plaintiff-appellee.

Before: SNEED, HALL, and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Defendant, who is charged with crimes he allegedly committed in 1992 when he was a sixteen year-old juvenile, appeals the district court's order transferring him to adult prosecution on charges of first degree murder and felony murder. We have jurisdiction of defendant's appeal under the collateral order exception. *See United States v. Gerald N.,* 900 F.2d 189, 190–91 (9th Cir.1990).

## BACKGROUND

On May 9, 1992, the body of Delbert Hayde was found in the parking area of a scenic overlook in the Canyon de Chelly National Park on the Navajo Indian Reservation in Arizona. A forensic examination of Hayde's body determined that he died as the result of several blunt force traumas to his head and torso.

On April 29, 1996, the United States filed an information charging defendant and two other juveniles with first degree murder, felony murder, and kidnapping in connection with Hayde's death. Another juvenile was charged with one count of assault resulting in serious bodily injury. Because the alleged crimes occurred within the confines of the Navajo Indian Reservation, the information charged all four as juvenile delinquents under the terms of the Federal Juvenile Delinquency Act ("FJDA"), 18 U.S.C. §§ 5031–42. Shortly after charges were filed, the United States filed a motion pursuant to § 5032 seeking an order transferring defendant and two of the other defendants to adult prosecution. After several days of hearings, the district court ordered the transfer of defendant and one of his codefendants to adult prosecution. Defendant appeals, contending that the district court lacked jurisdiction to transfer him to adult prosecution because the charges should have been dismissed when the prosecution failed to file his juvenile records with the district court before proceedings commenced.

## DISCUSSION

When Delbert Hayde was killed in 1992, § 5032 contained a provision which read

Any proceedings against a juvenile under this chapter or as an adult shall not be commenced until any prior juvenile court records of such juvenile have been received by the court, or the clerk of the juvenile court has certified in writing that the juvenile has no prior record, or that the juvenile's record is unavailable and why it is unavailable.

18 U.S.C. § 5032 ¶ 10 (1988). In *United States v. Doe,* 13 F.3d 302, 304 (9th Cir.1993), we held that the government's failure to meet this record certification requirement left the district court without jurisdiction of the charges contained within the information. As a result, we vacated the district court's adjudication of delinquent status and remanded with instructions to dismiss the information without prejudice. *Id.* at 305.

Congress amended the record certification requirement of § 5032 in the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, § 140002 (1994). As a result, § 5032 presently reads

A juvenile shall not be transferred to adult prosecution nor shall a hearing be held under section 5037 (disposition after a finding of juvenile delinquency) until any prior juvenile court records of such juvenile have been received by the court, or the clerk of the juvenile court has certified in writing that the juvenile has no prior record, or that the juvenile's record is unavailable and why it is unavailable.

18 U.S.C. § 5032 ¶ 10 (Supp.1997).

Notwithstanding this amendment to the record certification requirement, defendant argues that the government's failure to file his juvenile court record when the information was presented mandates dismissal of the charges. However, this argument completely ignores the recent amendment to the record certification provision of § 5032.

■ The Violent Crime Control and Law Enforcement Act of 1994 does not contain an effective date. " 'In the absence of an express provision in the statute itself, an act takes effect on the date of its enactment.' " *United States v. Shaffer*, 789 F.2d 682, 686 (9th Cir.1986) (quoting *United States v. Clizer*, 464 F.2d 121, 123 n. 2 (9th Cir.1972) (citing *Arnold v. United States*, 13 U.S. (9 Cranch) 104, 119, 3 L.Ed. 671 (1815))). Thus, the new record certification requirement took effect on September 13, 1994, and accordingly applies to the charges filed against defendant on April 29, 1996.

■ Moreover, application of the present version of the record certification requirement does not violate the *Ex Post Facto* clause of the U.S. Constitution. In order to find a violation of the *Ex Post Facto* clause, two elements must be present: " 'first, the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it.' " *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir.1995) (quoting *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987)). The *Ex Post Facto* clause is not violated, however, "if a change does not alter 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance.' " *Miller*, 482 U.S. at 430,

107 S.Ct. at 2451 (quoting *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977)).

■ Even if we assume that the new record certification requirement is retrospective in that it applies to an alleged crime which occurred more than two years before its enactment, the change in the law was a procedural change that did not affect matters of substance. "A law implicates the Ex Post Facto clause only if it criminalizes conduct that was not a crime when it was committed, increases the punishment for a crime beyond what it was at the time the act was committed, or deprives a person of a defense available at the time the act was committed." *Rise v. Oregon*, 59 F.3d 1556, 1562 (9th Cir. 1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1554, 134 L.Ed.2d 656 (1996); *see also Hopt v. Utah*, 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884) ("[A]lterations which do not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt … relate to modes of procedure only."). As a result, application of § 5032's present record certification requirement to defendant does not violate the *Ex Post Facto* Clause.

## CONCLUSION

In sum, defendant's argument that the charges against him must be dismissed is premised on a record certification requirement that does not apply to his case. As a result, the district court's order transferring him to adult prosecution is

**AFFIRMED.**