**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**MALE JUVENILE, Defendant–Appellant.**

No. 97–40599.

United States Court of Appeals,
Fifth Circuit.

July 23, 1998.

Paula Camille Offenhauser, Asst. U.S. Atty., Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Fed. Pub. Defender, H. Michael Sokolow, Jeffrey L. Wilde, Asst. Fed. Pub. Defender, Houston, TX, for Defendant–Appellant.

Before KING, SMITH and STEWART, Circuit Judges.

KING, Circuit Judge:

Defendant-appellant Male Juvenile appeals the district court's judgment adjudicating him a juvenile delinquent. For the reasons set forth below, we vacate the judgment of the district court and remand the case with instructions to dismiss it for lack of jurisdiction.

## I. FACTUAL & PROCEDURAL BACKGROUND

On April 30, 1997, defendant-appellant Male Juvenile (MJ) was charged by an information of juvenile delinquency with five specifications. Two of the specifications were later dismissed. At the conclusion of MJ's trial, he was acquitted of one specification and found guilty of two: (1) conspiracy to transport and harbor aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A) and (2) transporting Ruben Cruz–Miguel, an alien, within the United States in violation of 8 U.S.C. § 1324(a)(1)(A). MJ timely filed his appeal of the district court's adjudication of juvenile delinquency.

MJ contends that the district court lacked jurisdiction because the certification to try him in federal district court, which is required by the Juvenile Justice and Delinquency Prevention Act of 1974, 18 U.S.C. § 5032, was signed by an Assistant United States Attorney (AUSA) and not by the United States Attorney for the Southern District of Texas. He argues that AUSAs are not authorized to certify juveniles for trial in federal court.[1]

The government responds that the certification was valid and that the substantive decision to certify a juvenile is not subject to judicial review. The government points out that nothing in the language of § 5032 limits the Attorney General's power to delegate the authority to certify juveniles and that the Attorney General has in fact delegated the authority to do so to the United States Attor-

neys, who have in turn delegated authority to the AUSAs.

## II. DISCUSSION

"Certification is a jurisdictional requirement." *United States v. Doe*, 98 F.3d 459, 460 (9th Cir.1996). Whether the district court lacked jurisdiction is a question of law that we review de novo. *United States v. Lynch*, 114 F.3d 61, 63 (5th Cir.1997); *United States v. Wong*, 40 F.3d 1347, 1363 (2d Cir.1994).

The certification submitted by the government in the instant case reads as follows:

In accordance with the provisions of the Juvenile Justice and Delinquency Prevention Act of 1974, 18 U.S.C. § 5032, I hereby certify that no State Court for the State of Texas has jurisdiction over the crime of transporting certain aliens within the United States, in violation of Section 1324(a)(1)(A)(ii) and Section 1324(a)(1)(A)(iii), title 8, United States Code.

It bears the signature of AUSA Eric Reed under the printed name of United States Attorney Gaynelle Griffin Jones.

Section 5032 of Title 18 of the United States Code provides that,

[a] juvenile alleged to have committed an act of juvenile delinquency ... shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an [enumerated drug] offense, ... and that there is a substantial Federal interest in the case or the offense

---

1. MJ raises several other challenges to the district court's adjudication of juvenile delinquency. He claims that the evidence was insufficient to support the judgment, and he argues that the district court erred in admitting hearsay evi-

dence. In addition, MJ contends that the district court imposed a sentence upon him that exceeds the maximum sentence authorized by law. As we conclude that the district court lacked jurisdiction, we do not reach these issues.

to warrant the exercise of Federal jurisdiction. 18 U.S.C. § 5032.[2]

Pursuant to Section 510 of Title 28 of the United States Code, the Attorney General may delegate her authority to perform any function to "any other officer, employee, or agency of the Department of Justice." 28 U.S.C. § 510. Further, the regulations promulgated pursuant to § 510 provide as follows:

> The Assistant Attorney General in charge of the Criminal Division and his Deputy Assistant Attorneys General are each authorized to exercise the power and authority vested in the Attorney General by sections 5032 and 5036 of title 18, United States Code, relating to criminal proceedings against juveniles. The Assistant Attorney General in charge of the Criminal Division is authorized to redelegate any function delegated to him under this section to United States Attorneys and to the Chief of the Section within the Criminal Division which supervises the implementation of the Juvenile Justice and Delinquency Prevention Act (18 U.S.C. 5031 *et seq.*).

28 C.F.R. § 0.57. The Assistant Attorney General in charge of the Criminal Division has exercised this discretion and delegated to the United States Attorneys the authority to certify juveniles. *See United States v. Cuomo*, 525 F.2d 1285, 1289 & n. 9 (5th Cir.1976); *see also United States v. Bent*, 702 F.2d 210, 213 n. 1 (11th Cir.1983).

■ Research reveals only two circuits—the Ninth and the Tenth—that have directly addressed whether a certification signed by an AUSA is valid.[3] In *United States v. Doe*, 98 F.3d 459 (9th Cir.1996), the Ninth Circuit held that a certification signed by an AUSA was invalid. *Id.* at 461. The court explained,

---

**2.** MJ also contends that the certification was invalid because it failed to state a substantial federal interest justifying trying him in federal court. The government responds that the substantial federal interest requirement is linked only to the crime-of-violence portion of the statute.

While the language of § 5032 can be read to support either interpretation, as we observed in *United States v. Juvenile No. 1*, 118 F.3d 298 (5th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 457, 139 L.Ed.2d 391, *and cert. denied sub nom.*, —— U.S. ——, 118 S.Ct. 432, 139 L.Ed.2d 332 (1997), the legislative history of the statute clearly reflects that Congress intended · the "substantial federal interest" requirement of § 5032 to apply only to the crime-of-violence portion of § 5032. *Id.* at 303 n. 6; *see also, United States v. White*, 139 F.3d 998, 1000 (4th Cir.1998) ("[T]he statute's legislative history unequivocally reflects Congress' intention to require that the Government demonstrate a 'substantial federal interest' *only* when asserting certification based on prong (3)—a crime of violence or an enumerated felony."); *Impounded (Juvenile R.G.)*, 117 F.3d 730, 732 n. 1 (3d Cir.1997) ("[W]e believe that the proper reading of § 5032 includes the substantial federal interest requirement within the third category of choices to which the Attorney General must certify."); *Wong*, 40 F.3d at 1363 (reading the substantial federal interest requirement to apply only to the third prong of the statute); *United States v. Doe*, 13 F.3d 302, 304 n. 1 (9th Cir.1993) ("[T]he government must show a substantial federal interest only when it certifies a serious felony crime.").

MJ relies on *United States v. Tolliver*, 61 F.3d 1189 (5th Cir.1995), *vacated on other grounds sub nom.*, *Moore v. United States*, —— U.S. ——, 117 S.Ct. 40, 136 L.Ed.2d 4 (1996), in which this court indicated, prior to our decision in *Juvenile No. 1*, that the Attorney General must certify "that 'there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction,' and that one of three factors is satisfied before proceeding against any juvenile in federal court." *Id.* at 1199 (quoting 18 U.S.C. § 5032) (footnote omitted). As the court in *Tolliver* only had occasion to consider the crime-of-violence prong of § 5032, this language is dictum. *Cf. White*, 139 F.3d at 1001 ("Because [a prior decision within the circuit] only involved the sufficiency of the Government's certification under prong (3), our suggestion there that the Government must prove a 'substantial federal interest' in relation to prongs (1) and (2) is dictum."). Moreover, as we explained in *Juvenile No. 1*, such an interpretation is clearly at odds with Congressional intent and with the legislative history of § 5032. 118 F.3d at 303 n. 6 ("The report's discussion of the 'substantial Federal interest' inquiry is contained within its discussion of this newly added 'third category'; the report does not indicate that the 'substantial Federal interest' inquiry was intended as a supplement to the first and second categories as well as a component of the, third. Our reading is consistent with the underlying purpose of the amendment to expand federal authority to respond to the most serious juvenile crimes, rather than to restrict existing federal jurisdiction over juveniles.").

**3.** In a previous opinion, a panel of this court expressly declined to decide whether an AUSA may certify a juvenile for federal prosecution. *See Cuomo*, 525 F.2d at 1288 n. 7.

The statutory language of 18 U.S.C. § 5032 and the regulations adopted thereunder clearly establish in whom the power to decide whether the United States will proceed against a juvenile is vested. Because the statute and regulations extend the power and discretion to make this decision to specific officers in the Department of Justice, we are unwilling to say that the filing of the need certification by the Assistant United States Attorney rises only to the level of a technical or ministerial error.

*Id.*

In *United States v. Angelo D.*, 88 F.3d 856 (10th Cir.1996), the Tenth Circuit approved of an AUSA's signing of a certification above the name of the United States Attorney. *Id.* at 857, 859–60. In that case, however, the United States Attorney was absent from the office on the date that the certification was signed, and he had expressly designated, in writing, the AUSA who signed the certification to serve as Acting United States Attorney in his absence in accordance with 28 C.F.R. § 0.131.[4] *Angelo D.*, 88 F.3d at 859. In the instant case, there is no evidence that United States Attorney Jones was unavailable or that she expressly delegated her authority to AUSA Reed.

While this circuit has not addressed the certification issue, it has considered the related issue of a motion to transfer a juvenile case to federal court under § 5032. *See United States v. Doe*, 871 F.2d 1248, 1256–57 (5th Cir.1989). In *Doe*, the defendant complained that the government's motion to transfer was invalid because an AUSA signed and filed the motion on behalf of the United States Attorney. *Id.* at 1257. The court rejected this complaint, noting that documentary evidence indicated that the initial request to the Department of Justice to proceed on the transfer had been submitted and

signed by the United States Attorney. *Id.* The court therefore concluded that the transfer was valid because the United States Attorney "made the final decision to seek prosecution of Doe as an adult." *Id.* The court also noted that,

> [t]o make the authority even clearer, [the United States Attorney's] initial request and [the Justice Department's] authorization were attached to the motion for transfer and were incorporated into it by reference. The Assistant United States Attorney merely performed a ministerial act of signing and filing on behalf of the United States Attorney.

*Id.*

In the instant case, the record contains no evidence that United States Attorney Jones was personally involved in the decision to certify MJ. AUSA Eric Reed is the signatory on all relevant documents contained in the record. Nevertheless, the government argues that we should follow the reasoning employed by the Tenth Circuit in its discussion of the motion to transfer issue in *Angelo D.*, 88 F.3d at 860–61. In that case, an AUSA who had not been specifically authorized[5] to do so signed the motion to transfer, and the court determined that it need not be dismissed. The court reasoned that the appellant offered

> no evidence [that] the United States Attorney did not authorize the transfer, indeed, the order itself begins "COMES NOW the United States of America, by and through its attorneys John J. Kelly, United States Attorney for the State and District of New Mexico and Louis E. Valencia, Assistant United States Attorney for said District" and concludes with Mr. Kelly's name above Mr. Valencia's signature. This language indicates Mr. Kelly's involvement and ap-

---

4. Section 0.131 states:

Each U.S. Attorney is authorized to designate any Assistant U.S. Attorney in his office to perform the functions and duties of the U.S. Attorney during his absence from office, or with respect to any matter from which he has recused himself, and to sign all necessary documents and papers, including indictments, as Acting U.S. Attorney while performing such functions and duties.

28 C.F.R. § 0.131.

5. While the AUSA who signed the *certification* in *Angelo D.* had been specifically delegated such authority in the United States Attorney's absence, the different AUSA who signed the *motion to transfer* had not been so authorized. 88 F.3d at 860.

proval of the motion as verified by Mr. Valencia's signature.

*Id.* at 861. The court therefore found that, "[i]n the absence of any indication that [the AUSA] acted without [the United States Attorney's] approval or any showing of prejudice to the appellant, we will not find this ministerial act egregious enough to defeat jurisdiction." *Id.*

We do not find this reasoning persuasive in the instant case. We considered the same issue in *Doe,* and we concluded in that case that the AUSA's ministerial act of signing and filing the transfer order was not a procedural defect because it was clear from the record that the United States Attorney "made the final decision to seek prosecution of Doe as an adult," and because the United States Attorney's request and the Deputy Assistant Attorney General's authorization were "attached to the motion for transfer and were incorporated into it by reference." *Doe,* 871 F.2d at 1256. As explained above, there is no evidence that United States Attorney Jones had any personal involvement in the decision to certify MJ.

 Section 5032 and the regulations promulgated under it specify to whom the authority to certify and transfer juveniles may be delegated. *See* 18 U.S.C. § 5032; 28 C.F.R. § 0.57. Neither the statute nor the regulation indicates that the authority to certify juveniles for trial in federal court may be delegated to AUSAs generally.[6] Further, there is no evidence in the record that United States Attorney Jones made any type of express delegation to AUSA Reed such as the delegation made in the portion of *Angelo D.* addressing certification. Thus, the certifi-

cation was improper, and the district court therefore lacked jurisdiction over the case.

### III. CONCLUSION

For the foregoing reasons, we VACATE the district court's adjudication of juvenile delinquency and REMAND the case to the district court with instructions to DISMISS it for lack of jurisdiction.

---

6. The government contends that the United States Attorneys' Manual (USAM) vests the United States Attorneys with the authority to assign duties to an AUSA within his or her district. The government therefore argues that the power to certify juveniles for trial in federal court has been delegated to AUSAs. We disagree.

First, as the government acknowledges, the USAM is an internal manual, not a statute or a regulation. As such, the fact that it may provide for a general delegation of duties to the AUSAs by the United States Attorneys does not affect the pre-existing specific statutory and regulatory delegation of the certification power.

Moreover, even if the USAM could delegate the authority to certify juveniles to AUSAs, the gov-

ernment has pointed to no language therein suggesting that it is intended to make such a delegation. Indeed, in discussing the certification of juveniles, the USAM states: "The authority to proceed with this certification has been delegated to United States Attorneys." U.S. ATTYS. MAN. 9–8.110. The section makes no mention of the delegation of this authority to AUSAs. Further, in discussing the filing of a complaint against a juvenile, the USAM states: "The United States Attorney in the district where the crime was committed or the complaint was filed is the only party who can make the proper determination of whether one of the factors necessary for certification exists or whether the case should be turned over to state authorities." *Id.* at 9–8.120.