**UNITED STATES of America, Plaintiff–Appellee,**

v.

**SEALED JUVENILE 1, Defendant–Appellant.**

**No. 99–41130.**

United States Court of Appeals, Fifth Circuit.

Aug. 24, 2000.

Mark Michael Dowd, Brownsville, TX, James Lee Turner, Asst. U.S. Atty., Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Juan Ramon Flores, Laura Fletcher Leavitt, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, PARKER, Circuit Judge, and FURGESON, District Judge.[1]

FURGESON, District Judge:

Defendant–Appellant Sealed Juvenile 1(SJ) appeals his conviction for knowingly and intentionally possessing with the intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(a)(1)(B). SJ was found guilty in a bench trial on stipulated facts after the government submitted a need certification pursuant to the Juvenile Justice and Delinquency Prevention Act, 19 U.S.C. § 5032. SJ now appeals the district court's jurisdiction, arguing that the certification was improperly signed by an unauthorized individual. Because this Court finds that the certification and concurrently filed Information of Juvenile Delinquency substantially complied with the requirements of § 5032, we AFFIRM.

---

1. District Judge for the Western District of Texas, sitting by designation.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 4, 1999, Border Patrol agents observed a 1982 Ford F–150 extended cab pickup truck pull into a commercial gravel pit adjacent to Mines Road, a divided highway in northern Laredo, Texas with easy access to the Rio Grande River. The Border Patrol had been observing this area for approximately one year for illegal alien smuggling and narcotics activities, and were therefore able to identify regular commercial customers based on the types of vehicles and length of the transactions. During this period of surveillance, Border Patrol agents had apprehended other drivers of noncommercial vehicles carrying large quantities of controlled substances whose turn-around time in the gravel pit was for only a few minutes.

The pickup observed on August 4th exited the gravel pit after only seven minutes, and did not appear to have a load of gravel in the bed. The pickup proceeded southbound on Mines Road toward Laredo; however, when the pickup passed the observing Border Patrol agents in a marked Border Patrol unit, the driver lowered the sun visor, activated his left turn signal, and turned around to proceed northbound. The agents followed and activated their emergency lights to stop the pickup. Once again, the pickup crossed Mines Road at an unauthorized crossing, to proceed in the opposite direction, striking a pole in the process. As the Border Patrol agents followed, the pickup returned to the gravel pit. The driver, later identified as SJ, abandoned the pickup near the edge of the river and attempted to flee. After he was apprehended, the agents found sixty bundles of marijuana in plain view inside the truck.

On August 17, 1999, SJ was charged with possessing marijuana with intent to distribute by Information of Juvenile Delinquency. SJ elected to proceed as a juvenile on August 19, 1999 and pleaded not true to the Information. The case proceeded as a bench trial on September 2, 1999, and was tried on stipulated facts along with a Motion to Suppress. The district court denied the Motion to Suppress and found the allegation in the Information of Juvenile Delinquency to be true. SJ was sentenced on September 27, 1999 to serve thirty months in juvenile detention.

SJ filed the present appeal on September 27, 1999 solely on the issue of whether the district court had jurisdiction based on the failure of the United States Attorney to sign the need Certification. The need Certification, filed on the same day as the Information of Juvenile Delinquency, was signed by Assistant United States Attorney Joel R. Gonzalez. SJ argues that the Assistant United States Attorney (AUSA) is not authorized to sign the Certification, and therefore that the case should be remanded to the district court with instructions to dismiss for lack of jurisdiction. The government argues that the requirements were substantially complied with as the properly signed Information was incorporated by reference into the Certification. Therefore, the Government contends that the signature of the AUSA was merely a ministerial act and, although a technical failure, should not affect the district court's jurisdiction.

## DISCUSSION

◼ The need certification under 18 U.S.C. § 5032 is a jurisdictional requirement; therefore, a challenge to the legal sufficiency of the certification filed in the present case can be raised at any time. *See United States v. Male Juvenile*, 148 F.3d 468, 469 (5th Cir.1998). Jurisdictional challenges are questions of law and will be reviewed de novo. *See id.*

Under § 5032, United States courts do not have jurisdiction over juveniles alleged to have committed acts of juvenile delinquency unless the Attorney General certifies to the court that

(1) the juvenile court or other appropriate court of a State does not have

jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or offense described in section 841, 952(a), 955, or 959 of title 21, and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

The Attorney General can delegate this authority to the United States Attorneys. *See* 28 U.S.C. § 510 (authorizing the delegation of the Attorney General's functions to other officers, employees, or agencies of the Department of Justice); 28 C.F.R. § 0.59 (delegating authority under 18 U.S.C. §§ 5032 and 5036 to the Assistant Attorney General in charge of the Criminal Division, and authorizing further delegation to the United States Attorneys); *United States v. Cuomo*, 525 F.2d 1285, 1289 (5th Cir.1976) (recognizing the delegation of authority to the United States Attorneys).

In a similar case, this Court held that this delegation does not confer general authority to Assistant United States Attorneys under § 5032. *Male Juvenile*, 148 F.3d at 472. In that case, the certification signed by an AUSA was held to be invalid because there was no evidence of an express delegation of authority to the AUSA and no evidence that the United States Attorney was involved in the decision to certify the juvenile. *See id.* at 471. The Court found that the signature of the AUSA on all relevant documents in the record was not merely a ministerial act, and therefore that the district court lacked jurisdiction. *Id.*

■ In the present case, however, the United States Attorney properly signed the Information of Juvenile Delinquency, which was filed concurrently with the improperly signed Certification. The Information specifically references the Juvenile Justice and Delinquency Act, praying that the court find the Defendant SJ to be a juvenile delinquent within the meaning of the Act. The Certification additionally refers several times to the Information, even though it does not explicitly incorporate the document. The Certification states in whole:

In accordance with the provisions of the Juvenile Justice and Delinquency Prevention Act of 1974, Title 18, United States Code, Section 5032, et seq., I hereby certify to the United States District Court that the offense charged in the Juvenile Delinquency Information is an offense described in Section 841(a)(1) of Title 21, and there is a substantial Federal interest in the offense to warrant the exercise of Federal jurisdiction.

I further certify that the State of Texas District Court does not have jurisdiction over said juvenile with respect to the alleged act of juvenile delinquency, as described in Section 841(a)(1) of Title 21, United States Code, as charged in the Juvenile Delinquency Information.

Where there is sufficient evidence in the record that the properly authorized official made the decision to file the Certification, the technical failure of the improper signature will not be fatal to jurisdiction. *See United States v. Doe*, 871 F.2d 1248, 1257 (5th Cir.1989). In *Doe*, the AUSA improperly signed the motion of transfer to try the juvenile as an adult. *See id.* However, because the United States Attorney made the initial request of the Justice Department for authorization to proceed on the motion to transfer, and because that request and the authorization were attached to the motion and incorporated by reference, this Court found that the AUSA performed a mere ministerial act in signing the motion on behalf of the United States Attorney. *See id.; see also United States v. Wellington*, 102 F.3d 499, 504 (11th Cir.1996) ("[I]f the purpose of the certification requirement has been satisfied by an authorized person making the decision to file the motion to transfer, then

'technical failure in filing is not fatal to jurisdiction.'").

In this case there is sufficient evidence in the record indicating that the United States Attorney made the decision to file the certificate under § 5032. The concurrently filed and properly signed Information of Juvenile Delinquency specifically references the Juvenile Justice and Delinquency Act of September 7, 1974. Additionally, the Certificate refers to the Information several times. Finally, the United States Attorney's name is printed above the AUSA's signature on the Certificate. The United States Attorney attempted to file a second, properly signed Certificate on April 12, 2000 as confirmation that the United States Attorney approved of the original Certificate, arguing that this second belated Certificate should be considered as no time limitation is included in § 5032. The Court does not need to decide whether this second certificate is effective because there is sufficient evidence in the record to indicate that the AUSA's signature was merely a ministerial act and does not defeat the district court's jurisdiction.

## CONCLUSION

For the foregoing reasons, we find that the AUSA's signature was a ministerial act or technical failure, and did not defeat the jurisdiction of the district court. Accordingly, the decision of the district court is AFFIRMED.