**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK JORDAN,

        Petitioner-Appellant,

    v.

KATHLEEN HAWK, Director,
Federal Bureau of Prisons; MICHAEL
V. PUGH; R.E. HOLT,

        Respondents-Appellees.

No. 01-1302

(D. Colorado)

(D.C. No. 00-D-1936)

---

**ORDER AND JUDGMENT**   *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the appellant's request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mark Jordan, a federal prisoner proceeding pro se, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  He also requests leave to proceed in forma pauperis..

Mr. Jordan challenges the Bureau of Prisons' ("BOP") decision to calculate his good-conduct time pursuant to the amendments provided by the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1824, 1896 ("VCCLEA"), as opposed to the Sentencing Reform Act of 1984 as it stood before amendment by the VCCLEA.  The district court dismissed the petition, finding that the BOP had correctly calculated Mr. Jordan's good time credits.  We also dismiss the appeal.

The relevant facts underlying Mr. Jordan's convictions are not in dispute. Mr. Jordan was convicted of three different armed robbery counts pursuant to 18 U.S.C. § 2113(d), and two counts of using and carrying a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1).  Count one, armed bank robbery, occurred on September 9, 1994.  Count two, armed bank robbery, and count three, use of a firearm, occurred on September 12, 1994.  Count four, armed bank robbery, and count five, use of a firearm, occurred on September 13, 1994.  Mr.

---

[1]  Because Mr. Jordan brought this action pursuant to 28 U.S.C. § 2241, we need not determine whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253.  See Bradshaw v. Story, 86 F.3d 164 (10th Cir. 1996) (no certificate of appealability required where appellant is federal prisoner and appeal is from final order denying § 2241 petition).

Jordan was sentenced to seventy-eight months on counts one, two, and four, running concurrently, sixty months on count three, running consecutively to counts one, two and four; and two hundred and forty months on count five, running consecutively to counts one, two and four, but concurrently with count three.

The VCCLEA, in part, amended 18 U.S.C. § 3624(b) to create distinctions between violent and non-violent offenders and between inmates who have or do not have a high school diploma or its equivalency.  Under the revised statute, Mr. Jordan was entitled only to a maximum of 54 days of good time credit, providing he met other disciplinary requirements listed in the statute.  18 U.S.C. § 3624(b); H.R. Conf. Rep. 103-711 (enumerating amendments to § 3624(b)).

Mr. Jordan challenges the application of the VCCLEA's amendments to counts four and five, which were committed on the date the VCCLEA was signed by the President and thus became effective, September 13, 1994.  He suggests that he may have committed the September 13 offense before the VCCLEA was actually signed into law, and that the district court should have made a detailed inquiry regarding this contention.

We recognize that  "[t]he sentencing court generally must apply the sentencing guidelines in effect on the date of sentencing rather than those in effect at the time of the offense.  The Ex Post Facto Clause, however, prohibits

retroactive application of an amended guideline provision if the amendment disadvantages the defendant." United States v. Orr, 68 F.3d 1247, 1252 (10th Cir. 1995) (internal quotation marks omitted). The district court found that VCCLEA's amendments to 18 U.S.C. § 3624(b) apply to crimes committed on or after its effective date and proceeded to analyze Mr. Jordan's ability to acquire good-conduct credit for counts four and five under the amended statute. See VCCLEA, Pub. L. 103-322, 108 Stat. 1825, 1828. As outlined in Orr, an Ex Post Facto Clause violation occurs if a disadvantageous guideline provision is retroactively applied to a defendant at sentencing. If the guideline in question was in effect at the time the crime was committed, however, no retroactive application occurs. Thus, we must determine whether the VCCLEA was in effect when Mr. Jordan committed counts four and five.

We agree with the district court's determination that § 3264(b), as amended by the VCCLEA, applied to Mr. Jordan's sentence as to counts four and five of his conviction. The VCCLEA contains no effective date, but rather became effective when enacted. See United States v. Lyndell N., 124 F.3d 1170, 1172 (9th Cir. 1997); VCCLEA, Pub. L. 103-122, 108 Stat. 1825, 1828. Because

> [t]here is no statute fixing the time when acts of Congress shall take effect, but it is settled that where no other time is prescribed, they take effect from their date. . . . The act becomes effectual upon the day of its date. In such cases it is operative from the first moment of

that day.  Fractions of the day are not recognized. An inquiry involving that subject is inadmissible.

Lapeyre v. United States, 84 U.S. 191, 198 (1872).

This reasoning indicates that the VCCLEA became effective for sentencing purposes on its date of enactment.  Thus the VCCLEA was effective for the entirety of September 13, 1994, and therefore its provisions apply to Mr. Jordan's acts in counts four and five.  We hold the sentencing court correctly applied the law that was in effect on the date of the offenses.      See Orr, 68 F.3d at 1252.  Accordingly, we conclude Mr. Jordan's appeal is without merit and should be dismissed.  We also DENY Mr. Jordan's request to proceed in forma pauperis.

Entered for the Court,


Robert H. Henry
Circuit Judge