United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51300
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUVENILE MALE (2),

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1581-2-DB
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Juvenile Male (2) ("JM") appeals following his guilty plea conviction for bringing and attempting to bring to the United States aliens at a place other than a designated port of entry, said offense resulting in the death of a person, in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and (a)(II)(B)(iv).  JM challenges the certification filed by the Government to proceed in federal court pursuant to the Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. § 5032.  We review the certification under 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 5032 de novo.  United States v. Sealed Juvenile 1, 225 F.3d 507, 508 (5th Cir. 2000).

JM argues that the Government's first certification filed on August 19, 2003, was invalid because it was signed by Assistant United States Attorney Mark Lane rather than by United States Attorney Johnny Sutton.  He argues that the Government's second certification filed on October 9, 2003, which was signed by United States Attorney Sutton, was untimely.  He also argues that both certifications failed to certify that his home state of Chihuahua, Mexico, lacked or refused to assume jurisdiction over him and that the record contains no evidence that the State of Texas refused to assume such jurisdiction.

We hold that the 18 U.S.C. § 5032 certification was valid because the Government filed the certification signed by the United States Attorney before JM's arraignment on October 9, 2003.  See United States v. Cuomo, 525 F.2d 1285, 1290 (5th Cir. 1976).  We find no merit to JM's argument that the term "State" in 18 U.S.C. § 5032 includes states in foreign countries or his argument that there was no evidence of the State of Texas's refusal of jurisdiction.

JM argues that the district court failed to apply a minor or minimal role adjustment when calculating the sentencing guideline range.  JM fails to show that his participation with another juvenile as a guide for the illegal aliens was at best peripheral to the advancement of the illegal activity.  See United States v.

Tremelling, 43 F.3d 148, 153 (5th Cir. 1995). Because a similarly situated adult participating in the offense would not be entitled to a role adjustment, there was no error in the calculation of JM's advisory guideline range. See U.S.S.G. § 1B1.12.

Finally, JM argues that the district court erroneously applied an eight-level enhancement under U.S.S.G. § 2L1.1(b)(6)(4) due to the death of Luciano Leite Queiroz in the tunnel as the aliens attempted to enter the United States. He contends that Queiroz was one of the alien smugglers and that the enhancement should apply only when a death is caused to an alien being transported. We need not decide whether the enhancement only applies for the death of an alien being transported because the district court could conclude from the record, including the testimony of two of the other aliens, that Queiroz was not a smuggler. Thus, the district court did not clearly err in applying the enhancement. See United States v. Chavarria, 377 F.3d 475, 478 (5th Cir. 2004)(factual finding is not clearly erroneous if it is plausible in light of the complete record).

AFFIRMED.