**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 7/5/96**

**TENTH CIRCUIT**

————————————

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | )     No. 96-2010 |
| | ) |
| ANGELO D., a male juvenile, | ) |
| | ) |
| Defendant-Appellant. | ) |

———————————

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR-95-567 JC)**

————————————

Submitted on the briefs.[*]

John J. Kelly, United States Attorney; Norman C. Bay, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Billy R. Blackburn, Albuquerque, New Mexico, for Defendant-Appellant.

————————————

Before **BALDOCK, BRORBY** and **EBEL**, Circuit Judges.

————————————

**BRORBY**, Circuit Judge.

———————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal stems from a district court order granting the government's certification to proceed against the defendant juvenile in federal court and its motion to proceed against the defendant juvenile as an adult for charges related to a car jacking. Appellant contends the district court did not have jurisdiction to hear the case or to transfer the appellant to adult status because neither the government's need certification nor its motion to transfer were signed by the United States Attorney.

On November 1, 1995, the government charged appellant with knowingly and intentionally taking a motor vehicle, while possessing a firearm, from another by force, and violence and intimidation that resulted in serious bodily injury to the victim, in violation of 18 U.S.C. §§ 2119(2), 2 and 924(c)(1). On the same day, the government filed a certification stating there was "a substantial federal interest in the case to warrant the exercise of federal jurisdiction." The certification was signed by First Assistant United States Attorney Robert J. Gorence "for John J. Kelly, United States Attorney." On November 7, 1995, the government filed a motion to proceed against appellant as an adult. This motion was signed by Louis E. Valencia, Assistant United States Attorney. On December 26, 1995, appellant filed a motion to dismiss for lack of jurisdiction because the United States Attorney had failed to sign the certification. The district court held a hearing on the above issues in which he denied appellant's motion to dismiss and granted the government's motion to proceed against the appellant as an adult. This appeal followed.

Appellant raises two issues: 1) whether the district court obtained jurisdiction to hear the case when the government's need certification was not signed by the United States Attorney; and 2)

whether the district court could transfer appellant to adult status when the government's motion to transfer was not signed by the United States Attorney.

I

Before reaching the merits of the case we must determine whether we have jurisdiction to hear this appeal. Although an issue of first impression in the Tenth Circuit, every circuit that has addressed the issue has held an order transferring a juvenile to be tried as an adult is immediately appealable under the collateral order doctrine.[1] The collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), provides limited exceptions to the final judgment rule for interlocutory appeals where the district court's order: "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (*quoting Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468 (1978) (internal quotation marks omitted)). The first two factors of the collateral order doctrine are clearly present. The transfer order conclusively determines whether the defendant is to be tried as an adult or a juvenile and resolves an important issue separate from whether the juvenile is innocent or guilty of the current charges. The closer question is whether the transfer order is effectively unreviewable

---

[1] *United States v. J.J.K.*, 76 F.3d 870, 871-72 (7th Cir. 1996); *United States v. Doe*, 49 F.3d 859, 865 (2d Cir. 1995); *United States v. One Juvenile Male*, 40 F.3d 841, 844 (6th Cir. 1994); *United States v. A.R.*, 38 F.3d 699, 701 (3d Cir. 1994); *United States v. Bilbo*, 19 F.3d 912, 914-15 (5th Cir. 1994); *United States v. Gerald N.*, 900 F.2d 189, 190 (9th Cir. 1990); *In re Sealed Case*, 893 F.2d 363, 368 (D.C. Cir. 1990); *United States v. Smith*, 851 F.2d 706, 708 (4th Cir. 1988); *United States v. A.W.J.*, 804 F.2d 492, 492-93 (8th Cir. 1986); *United States v. C.G.*, 736 F.2d 1474, 1476-77 (11th Cir. 1984).

3

on appeal from a final judgment.  The Federal Juvenile Delinquency Act's purpose is to "remove juveniles from the ordinary criminal process in order to avoid the stigma of a prior criminal conviction and to encourage treatment and rehabilitation." *United States v. Brian N.*, 900 F.2d 218, 220 (10th Cir. 1990).  As our colleagues on the Second Circuit stated:

> The legal and practical benefits of being tried as a juvenile -- which include pretrial detention in a foster home or community-based facility near the juvenile's home instead of in an adult prison, *see* 18 U.S.C. § 5035, and the sealing of records and the withholding of the juvenile's name and picture from the media, *see* 18 U.S.C. § 5038 -- would be destroyed if the defendant were forced to wait until after trial and a final judgment in order to appeal.

*Doe*, 49 F.3d at 865.  Our belief that an appeal from a final judgment would do little to resurrect the special protections afforded juvenile defendants leads us to join our sister circuits in concluding that an order transferring a juvenile to adult status is immediately appealable under the collateral order doctrine.

In its brief, the government "acknowledges that the Courts of Appeals have uniformly held that a juvenile defendant may appeal a transfer order under the collateral order doctrine."  The government alleges, however, that the collateral order doctrine does not apply in this case because appellant is appealing based on the procedural requirements of the transfer order rather than on the merits of the transfer order itself.  We are unpersuaded by this distinction.  The justifications for allowing the immediate appeal of transfer orders remain the same regardless of whether the appeal is based on an alleged procedural or substantive deficiency.  The government fails to provide us with any authority showing a distinction between appeals of transfer orders based on procedural as opposed to substantive claims.  On the contrary, we found several opinions from our sister circuits

4

addressing interlocutory appeals alleging procedural deficiencies with transfer orders and certifications. *See United States v. Three Male Juveniles*, 49 F.3d 1058, 1062 (5th Cir. 1995) (appellant challenged certification because current Attorney General had not delegated her authority to United States Attorney who had signed the order); *United States v. Juvenile Male*, 923 F.2d 614, 620 (8th Cir. 1991) (court found district court lacked jurisdiction over transfer proceeding because government had not complied with certain jurisdictional prerequisites); *United States v. Doe*, 871 F.2d 1248, 1257 (5th Cir.) (finding no procedural defect in motion to transfer signed by an Assistant United States Attorney), *cert. denied*, 493 U.S. 917 (1989). Because a juvenile is not any less prejudiced by a criminal proceeding based on an improper jurisdictional basis than on one based on an improper substantive basis we find this distinction to be without merit.

II

Having determined we have jurisdiction over this interlocutory appeal we will now address appellant's first issue. Appellant contends the district court did not have jurisdiction to hear the case because the government's need certification was signed by an Assistant United States Attorney rather than by the United States Attorney. Proper certification is a prerequisite to federal jurisdiction over juveniles. *See Brian N.*, 900 F.2d at 222-23. We review statutory interpretation de novo. *Id.* at 220. The relevant portion of the Federal Juvenile Delinquency Act provides:

> A juvenile alleged to have committed an act of juvenile delinquency ... shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States ... that [inter alia] there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

> If the Attorney General does not so certify, such juvenile shall be surrendered

5

to the appropriate legal authorities of such State.

18 U.S.C. § 5032. Appellant claims the above jurisdictional requirements were not met because the certification was signed by Assistant United States Attorney Gorence. The government claims Mr. Gorence was properly delegated with the authority to sign the certification. Under 28 U.S.C. § 510 the Attorney General may delegate her authority to perform any function to "any other officer, employee, or agency of the Department of Justice." Pursuant to this statute the government directs our attention to 28 C.F.R. § 0.57 which provides:

> The Assistant Attorney General in charge of the Criminal Division and his Deputy Assistant Attorneys General are each authorized to exercise the power and authority vested in the Attorney General by sections 5032 and 5036 of Title 18, United States Code, relating to criminal proceedings against juveniles. The Assistant Attorney General in charge of the Criminal Division is authorized to redelegate any function delegated to him under this section to United States Attorneys and to the Chief of the Section within the Criminal Division which supervises the implementation of the Juvenile Justice and Delinquency Prevention Act (18 U.S.C. 5031 et seq.).

The Assistant Attorney General of the Criminal Division of the United States Department of Justice issued a Memorandum on March 12, 1985, delegating "to United States Attorneys the authority of the Assistant Attorney General in charge of the Criminal Division pursuant to 18 U.S.C. 5032, 5036, and 28 C.F.R. 0.57." The government next draws our attention to 28 C.F.R. § 0.131 which further provides:

> Each U.S. Attorney is authorized to designate any Assistant U.S. Attorney in his office to perform the functions and duties of the U.S. Attorney during his absence from office, or with respect to any matter from which he has recused himself, and to sign all necessary documents and papers, including indictments, as Acting U.S. Attorney while performing such functions and duties.

Finally, the government provides us with a copy of a Memorandum dated July 3, 1995, and signed

6

by United States Attorney John Kelly which states: "Pursuant to 28 C.F.R. § 0.131, I designate First Assistant United States Attorney Robert J. Gorence to serve as Acting United States Attorney in my absence from the office with full power to sign all necessary documents and papers on my behalf, including indictments." The government states, and appellant does not dispute, that United States Attorney Kelly was absent from the office on the day Mr. Gorence signed the certification. In *United States v. Smith*, 532 F.2d 158, 160 (10th Cir. 1976), we recognized the United States Attorney's power "to designate any assistant U. S. Attorney to carry out his functions during his absence including the signing of any necessary papers." The record shows United States Attorney Kelly expressly delegated his authority to First Assistant United States Attorney Gorence who signed the certification for Mr. Kelly while he was away from the office.

Rather than disputing the above facts, Appellant argues § 0.131 does not apply to juvenile cases because where § 0.57 specifically mentions the Juvenile Delinquency Act, § 0.131 does not. He provides no support for this contention from either the case law or the statute. In fact, the only cases we can find addressing this issue have held to the contrary. These cases have reasoned because 18 U.S.C. § 5032 does not address the Attorney General's ability to delegate her authority, 28 U.S.C. § 510's broad power of delegation is applicable. *Three Male Juveniles*, 49 F.3d at 1062-63; *Doe*, 871 F.2d at 1256; *United States v. Bent*, 702 F.2d 210, 213 (11th Cir. 1983); *United States v. Cuomo*, 525 F.2d 1285, 1287-88 (5th Cir. 1976). We reject appellant's claims that the nature of the statute requires us to apply a more narrow interpretation to the Attorney General's delegation powers. Where a statute is clear and unambiguous our inquiry is complete. *Burlington Northern R. R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 461 (1987). We believe the above statutes clearly show

7

the Attorney General may delegate her power to the Assistant Attorney General who may in turn delegate his power to the United States Attorneys who may delegate their power to the Assistant United States Attorneys. Our reading of the applicable statutes together indicates a somewhat lengthy chain of delegation which was appropriately followed in this instance.

III

Appellant challenges the motion to transfer because it was signed by Assistant United States Attorney Louis Valencia instead of United States Attorney Kelly.[2] Paragraph 4 of 18 U.S.C. § 5032 provides:

> A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult, except that, with respect to a juvenile fifteen years and older alleged to have committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence ... criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice.

The same delegatory authority applies to this section as did to the certification issue addressed above; however, in this instance there is not an express delegation from United States Attorney Kelly authorizing Assistant United States Attorney Valencia to act on his behalf. Several other circuits addressing this issue have refused to let such a technicality or ministerial act defeat jurisdiction.

---

[2] The government argues the appellant waived his right to challenge the motion to transfer by not raising it before the district court. Although generally we will not address an issue raised for the first time on appeal, we make exceptions in instances such as this which challenge the district court's jurisdiction. *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 721 (10th Cir. 1993).

*United States v. Parker*, 956 F.2d 169, 170 (8th Cir. 1992) (court declined to stand on technicality and affirms even though certification was not done by the appropriate person); *Doe*, 871 F.2d at 1257 (court found the Assistant United States Attorney had merely performed a ministerial act in signing the motion to transfer). Other circuits have refused to find reversible error absent a showing of prejudice by the juvenile. *Parker*, 956 F.2d at 170; *United States v. Wong,* 40 F.3d 1347, 1370 (2d Cir. 1994), *cert. denied*, 116 S. Ct. 190 (1995); *United States v. Chambers*, 944 F.2d 1253, 1260 (6th Cir. 1991), *cert. denied*, 502 U.S. 1112 (1992); *cf. In re Application of the President's Comm'n on Organized Crime*, 763 F.2d 1191, 1200 (11th Cir. 1985).

In this case, appellant offers no evidence the United States Attorney did not authorize the transfer, indeed, the order itself begins "COMES NOW the United States of America, by and through its attorneys John J. Kelly, United States Attorney for the State and District of New Mexico, and Louis E. Valencia, Assistant United States Attorney for said District" and concludes with Mr. Kelly's name above Mr. Valencia's signature. This language indicates Mr. Kelly's involvement and approval of the motion as verified by Mr. Valencia's signature. Appellant also fails to show any prejudice resulting from Mr. Valencia signing the motion in place of Mr. Kelly. The government claims appellant has suffered no prejudice because if we dismiss the motion to transfer as lacking jurisdiction it will simply file a new motion. Appellant's failure to appeal the district court's substantive findings regarding the motion to transfer also indicate he suffered no prejudice from this technical omission. In the absence of any indication that Mr. Valencia acted without Mr. Kelly's approval or any showing of prejudice to the appellant, we will not find this ministerial act egregious enough to defeat jurisdiction.

9

The order of the district court is **AFFIRMED**.