UNITED STATES of America,
Plaintiff–Appellee,

v.

John DOE, Defendant–Appellant.
(Two Cases)

Nos. 95–10493, 95–10494.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 1996.

Decided Oct. 11, 1996.

Richard C. Henry and John D. Kaufman, Tucson, AZ, for defendants-appellants.

Raquel Arellano, Assistant United States Attorney, Tucson, AZ, for plaintiff-appellee.

Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR, District Judge.*

BEEZER, Circuit Judge:

Two juvenile males, appellants Doe #1 ("M.F.") and Doe #2 ("I.S."), were adjudicated juvenile delinquents for committing an act of sexual abuse against another minor. Appellants contend, inter alia, the district court erred in finding that the government had complied with the statutory requirements for properly filing a need certification under 18 U.S.C. § 5032 and 28 C.F.R. § 0.57. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse on the issue of need certification.

* The Honorable Helen Gillmor, United States District Judge for the District of Hawaii, sitting by designation.

I

On January 17, 1995, the government filed an information charging both M.F. and I.S. with an act of juvenile delinquency. 18 U.S.C. §§ 5032–5040. They were both charged with the underlying crime of sexual abuse. 18 U.S.C. §§ 1153, 2242(2)(B), and 2245(c)(1). That same day, the government also filed a need certification pursuant to 18 U.S.C. § 5032, certifying that the proceedings should take place in federal rather than state court. The certification was made on behalf of the United States "by and through its attorneys, Janet Napolitano, United States Attorney for the District of Arizona, by Raquel Arellano, Assistant United States Attorney." In addition, the certification was signed by the Assistant United States Attorney beneath a listing of the name of the United States Attorney.

M.F. and I.S. argue that the government failed to comply with the statutory requirements for filing an effective need certification because it was signed by an Assistant United States Attorney, an officer that is not specifically authorized by the statute or regulations to sign it. Whether the government complied with 18 U.S.C. § 5032 is an issue of statutory interpretation, which we review de novo. *United States v. Doe*, 13 F.3d 302, 304 (9th Cir.1993) (*"Doe 9th"*). With certain exceptions, a juvenile "shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court" that federal jurisdiction is warranted under the statute. 18 U.S.C. § 5032. "Certification is a jurisdictional requirement." *Doe 9th*, 13 F.3d at 304 (*quoting United States v. Baker*, 10 F.3d 1374 (9th Cir.1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 330, 130 L.Ed.2d 289 (1994)).

Regulations adopted pursuant to 18 U.S.C. § 5032 delegate the Attorney General's authority to the Assistant Attorney General in charge of the Criminal Division and his Deputy Assistant Attorneys General. 28

C.F.R. § 0.57. The Assistant Attorney General is authorized to redelegate authority to United States Attorneys, including the authority to pursue the need certification. *Id.* Although the regulations authorize United States Attorneys to file certificates of need, Assistant United States Attorneys are not specifically authorized to do so.

▆ The statutory language of 18 U.S.C. § 5032 and the regulations adopted thereunder clearly establish in whom the power to decide whether the United States will proceed against a juvenile is vested. Because the statute and regulations extend the power and discretion to make this decision to specific officers in the Department of Justice, we are unwilling to say that the filing of the need certification by the Assistant United States Attorney rises only to the level of a technical or ministerial error. *See Doe 9th,* 13 F.3d at 304; *but see United States v. Angelo D.,* 88 F.3d 856, 859–60 (10th Cir. 1996); *United States v. Doe,* 871 F.2d 1248, 1257 (5th Cir.), *cert. denied,* 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989).

## II

Because the jurisdictional requirements of 18 U.S.C. § 5032 were not satisfied, we vacate the adjudication of delinquent status. The case is remanded to the district court with instructions to dismiss the information without prejudice.

VACATED AND REMANDED.