UNITED STATES of America, Plaintiff–Appellee,

v.

JUVENILE MALE (KENNETH C.), Defendant–Appellant.

No. 00–50179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2000

Filed Feb. 7, 2001

Leslie S. Daniels, Federal Defenders of San Diego, San Diego, California, for the defendant-appellant.

Mark P. Edelman and Patrick K. O'Toole, Office of the United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: CANBY, McKEOWN, and PAEZ, Circuit Judges.

Opinion by Judge PAEZ; Concurrence by Judge McKEOWN.

PAEZ, Circuit Judge:

Kenneth C., a juvenile, appeals the district court's judgment of juvenile delinquency. We have jurisdiction under 28 U.S.C. § 1291. Kenneth C. contends that the district court did not have jurisdiction over the case because the requisite certification to hear a juvenile matter in federal court was not signed by an official authorized to do so by the relevant statute and regulations. On the record that was before the district court, we agree and vacate the judgment. We do, however, hold that a United States Attorney ("U.S. Attorney") may delegate authority to sign these certifications to an Assistant U.S. Attorney ("AUSA"), serving as Acting U.S. Attorney. We remand so the district court may determine if the official who signed the certification in this case was the Acting U.S. Attorney at the time.

I

An action against a juvenile for juvenile delinquency may only be brought in a federal court if:

the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and

services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony ... and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

18 U.S.C. § 5032. Regulations promulgated by the Department of Justice delegate authority to sign need certifications to the Assistant Attorney General for the Criminal Division and his Deputy Assistant Attorneys General, who may in turn delegate to the U.S. Attorneys. 28 C.F.R. § 0.57. The Assistant Attorney General of the Criminal Division issued a Memorandum on March 12, 1985, delegating "to United States Attorneys the authority of the Assistant Attorney General in charge of the Criminal Division pursuant to 18 U.S.C. [§ ] 5032 ... and 28 C.F.R. [§ ] 0.57." *United States v. Angelo D.*, 88 F.3d 856, 859 (10th Cir.1996).

Kenneth C. was charged with juvenile delinquency under 18 U.S.C. § 5032 for attempting to smuggle two illegal aliens into the United States. The information was filed on May 17, 1999, in the Southern District of California. The § 5032 need certification attached to the information was signed by "*Patrick O'Toole for* Gregory A. Vega, United States Attorney." Patrick O'Toole is First Assistant United States Attorney in the Southern District of California, not one of the officials explicitly authorized by statute or regulation to sign the certification. Kenneth C. argued below, as he does here on appeal, that the certification was invalid because it was not signed by the U.S. Attorney and, therefore, the district court did not have jurisdiction. The district court summarily denied Defendant's motion to dismiss the information. The district court's judgment of juvenile delinquency was entered on

September 21, 1999. Kenneth C. is serving a 22–month sentence.

Kenneth C. appeals, asking this court to vacate the adjudication of delinquency, or alternatively, to remand the case to the district court to determine whether the government complied with § 5032. At the time the government filed its brief in this court, it also filed in the district court an affidavit signed by Mr. O'Toole stating that on the day in question he was actually serving as Acting United States Attorney under 28 C.F.R. § 0.131, which permits "[e]ach U.S. Attorney ... to designate any Assistant U.S. Attorney in his office to perform the functions and duties of the U.S. Attorney during his absence from office...." The government attached to its responsive brief this declaration and a general memorandum from U.S. Attorney Vega naming Mr. O'Toole as Acting U.S. Attorney in his absence or unavailability.

## II

■ Whether the government complied with 18 U.S.C. § 5032 is an issue of statutory interpretation which this court reviews de novo. *United States v. Doe*, 98 F.3d 459, 460 (9th Cir.1996) [hereinafter *Doe* 1996].[1]

■ "To prosecute a juvenile in federal court, the government must follow the certification procedures required by 18 U.S.C. § 5032. Certification is a jurisdictional requirement." *United States v. Doe*, 170 F.3d 1162, 1165 (9th Cir.1999); see also *Doe* 1996, 98 F.3d at 460; *United States v. Juvenile Male*, 864 F.2d 641, 643 (9th Cir.1988). The purpose of § 5032 is to guarantee careful scrutiny of each juvenile delinquency case brought in federal court, and to reduce the number of such cases prosecuted. See e.g., *Juvenile Male*, 864 F.2d at 644 ("The[ ] purpose was to

---

1. The government asks that we adopt a presumption that the § 5032 certification is proper. Cf. *United States v. Jabara*, 618 F.2d 1319, 1327 (9th Cir.1980) ("Because [wiretap] authorization orders are presumed to be proper, [that] condition precedent in the instant case is presumed to have been met.") (citations omitted). We decline to do so because, as discussed below, § 5032 is a jurisdictional bar. A district court cannot entertain a juvenile delinquency action unless the § 5032 certification is properly filed.

help ensure that state and local authorities would deal with juvenile offenders wherever possible, keeping juveniles away from the less appropriate federal channels. The certifications were designed to remove juveniles from the federal system ....") (citing S.Rep. No. 1011, 93rd Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 5283). Therefore, if the government did not comply with § 5032 here, the district court had no authority to hear the case and we must vacate the judgment.

In *Doe* 1996, we vacated a judgment of juvenile delinquency because the certification was signed by the AUSA beneath the name of the U.S. Attorney: "Janet Napolitano, United States Attorney for the District of Arizona, by *Raquel Arellano*, Assistant United States Attorney." 98 F.3d at 460. The *Doe* 1996 court held that the certification did not comply with the statutory requirements because "[a]lthough the regulations authorize United States Attorneys to file certificates of need, Assistant United States Attorneys are not specifically authorized to do so." *Id.* at 461. *See also United States v. Male Juvenile*, 148 F.3d 468, 469, 472 (5th Cir.1998) (finding that certification "bear[ing] the signature of [Assistant U.S. Attorney] Eric Reed under the printed name of United States Attorney Gaynelle Griffin Jones" was invalid).

### III

■ Neither the *Doe* 1996 court nor the Fifth Circuit in *Male Juvenile* considered the question presented here, whether the U.S. Attorney can delegate the responsibility to sign § 5032 certifications to an Assistant U.S. Attorney serving as Acting U.S. Attorney. *See Male Juvenile*, 148 F.3d at 471 ("In the instant case, there is no evidence that United States Attorney Jones was unavailable or that she expressly delegated her authority to [Assistant U.S. Attorney] Reed."). We now hold that this authority may be delegated to an Assistant U.S. Attorney under 28 C.F.R. § 0.131.

The Tenth Circuit, in *United States v. Angelo D.*, 88 F.3d 856, 860 (10th Cir. 1996), did directly confront the issue and concluded that 28 C.F.R. §§ 0.57 and 0.131 "read[ ] ... together" permit "a somewhat lengthy chain of delegation," ending in an AUSA serving as an Acting United States Attorney with full authority to carry out the functions and duties of the U.S. Attorney, when the U.S. Attorney is absent from office.

The government also relies on this court's recent decision in *United States v. Wallace*, 213 F.3d 1216 (9th Cir.), *cert. denied* —— U.S. ——, 121 S.Ct. 418, 148 L.Ed.2d 323 (2000). *Wallace* involved 18 U.S.C. § 3731, which requires U.S. Attorneys to certify that an interlocutory appeal of an order suppressing evidence is not taken for the purpose of delay and that the suppressed evidence is not material. In *Wallace*, the certification was signed by the same Assistant U.S. Attorney as in this case, Mr. O'Toole, rather than U.S. Attorney Vega. There we held that we had jurisdiction to hear the appeal because the U.S. Attorney delegated the authority to sign the certification to Mr. O'Toole under 28 C.F.R. § 0.131. 213 F.3d at 1219.

*Wallace* does not directly control this case. Noncompliance with § 3731 is not a jurisdictional bar to bringing an interlocutory appeal. *See, e.g., United States v. Becker*, 929 F.2d 442, 445 (9th Cir.1991). But noncompliance with § 5032 is such a bar.

We do, however, agree with the reasoning of *Wallace* and *Angelo D.* that 28 C.F.R. § 0.57 and 28 C.F.R. § 0.131 may be read together. Section 0.57—which delegates authority to sign § 5032 certifications from the Attorney General to the Assistant Attorney General for the Criminal Division, his Deputy Assistant Attorneys General, and ultimately U.S. Attorneys—explicitly refers to § 5032. In contrast, 28 C.F.R. § 0.131, upon which the government relies here, is a more general delegation provision which can

apply to any responsibility of the U.S. Attorneys. Both regulations, however, were issued under the same authority: 5 U.S.C. § 301 and 28 U.S.C. §§ 509, 510, 515–519. Section 510, in particular, provides that "[t]he Attorney General may . . . authoriz[e] the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General." Because both 28 C.F.R. § 0.57 and 28 C.F.R. § 0.131 were issued under this general provision of delegation from the Attorney General, the only individual actually authorized by § 5032 to sign certifications, we think it appropriate to read them together and permit the type of delegation of authority that the government asserts took place here.

## IV

Kenneth C. challenged the validity of the certification in district court. The court summarily dismissed the objection, and Kenneth C. has had no opportunity to contest the assertions made in the government's late affidavit. Because the statute was designed to keep juvenile cases out of federal court, we will adhere to the general rule that matters not presented to the district court at the time the litigation was before it are not to be considered on appeal. *See* Fed. R.App. P. 10(a) (specifying record on appeal).

▮ On the record before us, then, this case is not distinguishable from *Doe* 1996. We vacate the judgment of juvenile delinquency. However, because, properly documented, delegation to Mr. O'Toole as Acting U.S. Attorney would have been permissible, we remand to the district court with instructions to determine if Mr. O'Toole was, in fact, the Acting U.S. Attorney, with all the responsibilities and duties of that position, on the day in question. If the district court finds that Mr.

O'Toole was the Acting U.S. Attorney, it shall reinstate the judgment.[2]

VACATED and REMANDED.

McKEOWN, Circuit Judge, concurring:

The majority today holds that "a United States Attorney . . . may delegate authority to sign [§ 5032] certifications to an Assistant U.S. Attorney . . . serving as Acting U.S. Attorney." Maj. op. at 685. I agree with this result. I write separately, however, to express my concern that the majority's particular approach will allow juvenile charging decisions to be made without the hard look that Congress intended.

I start from the premise that the statutory requirement of a signed need certification is not a "technical or ministerial" mandate. *United States v. Doe,* 98 F.3d 459, 461 (9th Cir.1996). Rather, it is a reflection of congressional desire "to remove juveniles from the federal system." *United States v. Juvenile Male,* 864 F.2d 641, 644 (9th Cir.1988) (citing S.Rep. No. 93–1011, (1974), *reprinted in* 1974 U.S.C.C.A.N. 5283).

To effect that goal, Congress created the need certification process, which stands as a hurdle the federal government must clear when it seeks to proceed against a juvenile. The government bears the burden of satisfying the requirements of § 5032, *see Doe* 1996, 98 F.3d at 460–61, which quite intentionally makes it harder to prosecute juveniles in the federal system. Under the statute and its implementing regulations, not just any prosecuting attorney who seeks to charge a juvenile in federal court can sign the need certification. Rather, 28 C.F.R. § 0.57 entrusts that responsibility to only certain high-level officials within the Department of Justice ("the Department" or "DOJ"): the Assistant Attorney General in charge

---

**2.** We agree with *Wallace,* 213 F.3d at 1219, that if a need certification is not signed by the U.S. Attorney because he is absent from office, then one of the authorized deputies should sign it as "Acting United States Attorney," and the certification should be accompanied by the appropriate documentation establishing his authority to sign.

of the Criminal Division, Deputy Assistant Attorney Generals in the Criminal Division, and the United States Attorneys (if such authority is further delegated to them by the Assistant Attorney General in charge of the Criminal Division).

In addition to § 0.57, which specifically regulates juvenile need certifications, the Department—and our inquiry here—is also governed by a general delegation regulation, which makes no specific reference to juveniles: "Each U.S. Attorney is authorized to designate any Assistant U.S. Attorney in his office to perform the duties of the U.S. Attorney during his absence from office ... and to sign all necessary documents and papers, including indictments, as Acting U.S. Attorney while performing such functions and duties." 28 C.F.R. § 0.131.

Read together, these two regulations make clear that when the U.S. Attorney is "absen[t] from office," a designated AUSA may sign a § 5032 need certification. On that much, the majority and I agree. We part ways, however, regarding the term "absent from office."

As noted above, delegation under the need certification process is intended to be quite limited. What seems to have happened here, however, was not. On appeal, the government attempted to introduce a memorandum designated "General Policy 99–02," and an accompanying affidavit by Assistant U.S. Attorney Patrick O'Toole.[1] In G.P. 99–02, Gregory Vega, the U.S. Attorney for the Southern District of California, designated certain Assistant U.S. Attorneys as "Actings" "during my absence from the office." Note that, though this policy claims to follow § 0.131, it does not precisely adopt the statutory language. Rather than "absence from office," G.P. 99–02 refers to "absence from *the* office" (emphasis added). Those three letters

make a big difference. When the President visits Congress or travels to Wyoming, he is still "in office" (as President), even though he is "absent from *the* office" (in the West Wing).

Under G.P. 99–02, the designated personnel may act as U.S. Attorney whenever Mr. Vega is "absen[t] from *the* office"-even if, it seems, that absence consists of nothing more than a quick five-minute trip down the street to grab a cup of coffee. To allow an Assistant U.S. Attorney to act, for all intents and purposes, as U.S. Attorney during those five minutes seems far removed from the intent behind §§ 0.57 or 0.131, or, for that matter, 18 U.S.C. § 5032.

In Section IV of its opinion, the majority suggests that if the affidavit submitted along with the government's brief is indeed accurate, Mr. O'Toole was properly authorized to sign the need certification. In his affidavit, Mr. O'Toole states, "At the time the certification was presented for signature, Mr. Vega was not in the United States Attorney's Office in San Diego and was out of San Diego County on business." I cannot agree that Mr. Vega's business trip (to a destination unknown) rendered him "absen[t] from office" for purposes of § 0.131. He may have been "out of the office," but he was not "absen[t] from office."

What type of absence is sufficient? Out for coffee, gone to lunch, in court, out of town on business, on vacation at home, on leave, out of the country? Under the majority's broad language, the juvenile charging decision could be delegated to virtually any attorney in the U.S. Attorney's office, for virtually any reason. If, for example, all of the senior attorneys were out of the office attending a training session, then the most junior attorney would have the authority to make the need certification

---

1. I agree with the majority that, because this affidavit was not presented to the district court, we should not consider it on appeal. I discuss it here only because the proposed opinion does suggest that, if everything stated in the affidavit were in fact true, Mr. O'Toole would qualify as the Acting U.S. Attorney. I believe this judgment is best left to the district court after considering all of the facts.

decision. Surely this is inconsistent with the purpose of § 5032.

I conclude that § 0.131, DOJ's general delegation regulation, is not intended to cover those situations where the U.S. Attorney has merely gone missing from the office for a short time. Rather, it permits an "Acting" to take over the duties of the U.S. Attorney only when the U.S. Attorney truly cannot perform the duties of the office. This conclusion is bolstered by the very title of the regulation, which suggests the limited circumstances under which § 0.131 is appropriately invoked: "Additional Assignments of Functions and Designations of Officials to Perform the Duties of Certain Offices in Case of Vacancy, or Absence Therein or in Case of Inability or Disqualification to Act." What is more, the general terms of § 0.131 cannot trump the specific regulation that governs need certification, § 0.57. Indeed, interpreting the need certification regulation in light of its limiting purpose would not preclude a broader reading of the general delegation regulation for matters in the ordinary course of business. But, of course, juvenile certification is extraordinary, not ordinary.

I agree that "[l]ife doesn't stop just because the United States Attorney is absent from office." *United States v. Wallace,* 213 F.3d 1216, 1218 (9th Cir.2000). But requiring a signature for need certification hardly makes life stop. A signature requirement does not grind the wheels of justice to a halt. On the contrary, the office of the U.S. Attorney has several obvious solutions: (1) in an age of instantaneous communications, where no one is truly "away from the office," take advantage of a low technology option such as the fax machine, or a high technology option such as the digital signature; (2) wait until the U.S. Attorney returns to the office; or (3) just as 28 C.F.R. § 0.57 specifies, bring the matter to the attention of the designated officials in the Criminal Division of the Department of Justice. The United States Attorney's temporary absence from *the* of-

fice should not absolve the government of its weighty statutory responsibility to have a senior official think long and hard before charging a juvenile in federal court.