UNITED STATES of America, Plaintiff–Appellee,

v.

F.S.J., a juvenile, Defendant–Appellant.

Nos. 00–30117, 00–30133.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2001

Filed Sept. 6, 2001

Sue Ellen Tater, Anchorage, Alaska, for the defendant-appellant.

Stephan A. Collins, Assistant United States Attorney, Anchorage, Alaska, for the plaintiff-appellee.

Before: SCHROEDER, CHIEF JUDGE, T.G. NELSON, and SILVERMAN, Circuit Judges.

SILVERMAN, Circuit Judge:

18 U.S.C. § 5032 sets forth a certification requirement to be followed when the federal government undertakes to prosecute a juvenile in federal court. The Attorney General (or by delegation pursuant to regulation, the United States Attorney) must certify, among other things, "that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction." The issue in this appeal is whether the prosecutor's certification is subject to judicial review. Today we join eight other circuits in holding that it is not. The determination of whether a juvenile case involves a sufficiently substantial federal interest to warrant federal prosecution is a matter of prosecutorial discretion not generally subject to judicial review. The district court's denial of the juvenile's motion to dismiss and its adjudication of his delinquency are affirmed.

## Background

Between January and October 1999, the FBI and Anchorage Police Department investigated crack and firearm trafficking by FSJ, his older brother, also a juvenile, and Timothy Moore, who turned eighteen during the investigation. The three sold crack and firearms from the house where FSJ, his brother, and father lived. The house was located within 1000 feet of an elementary school and a middle school.

On October 27, 1999, an Assistant United States Attorney filed a two count information pursuant to the Juvenile Justice and Delinquency Act, 18 U.S.C. § 5031 et seq., charging FSJ with two crack cocaine sales. The AUSA also filed a certification, signed by the United States Attorney, to proceed under 18 U.S.C. § 5032. The United States Attorney certified that:

1. This certification is made pursuant to the requirements under Title 18, United States Code, Section 5032 of the Juvenile Justice and Delinquency Act, [the Act]. FSJ ... has been charged by

the United States with distributing cocaine base (crack), which is classified as an offense described in Title 21, United States Code, Section 841(a)(1).

. . . . .

3. There is substantial Federal interest in the case, or the offense, to warrant the exercise of federal jurisdiction due to the repeated sales of cocaine base (crack) the defendant has made near the property of private and public schools.

FSJ moved to dismiss the information, contending that the district court lacked jurisdiction because the certification was inadequate. FSJ argued that the district court should hold a hearing and, at the very least, "take testimony on whether the certification is simply formula[ic], or whether the case truly merits federal intervention in light of federal precedent and the restrictive legislative history."

The district court declined to review the United States Attorney's certification citing First, Third, Fifth, Eighth, Eleventh, and D.C. Circuit decisions holding that "certification based on a substantial federal interest by the Government is not subject to judicial review." The district court found the certification regular on its face and timely filed. Noting that FSJ did not suggest that the "certification was affected by any invidious consideration such as race," the district court held that the certificate complied with statutory requirements and denied the motion to dismiss. FSJ pleaded guilty and was sentenced.

On appeal, FSJ argues that the district court erred in not independently inquiring whether the case involved a substantial federal interest. FSJ does not contend that the United States Attorney acted with an unconstitutional motive in certifying the case.

## Jurisdiction & Standard of Review

■ We have jurisdiction under 28 U.S.C. § 1291. Whether Congress intended judicial review of the United States Attorney's certification is an issue of statutory interpretation subject to de novo review. *United States v. Juvenile Male (Kenneth C.)*, 241 F.3d 684, 686 (9th Cir. 2001) ("Whether the government complied with 18 U.S.C. § 5032 is an issue of statutory interpretation which this court reviews de novo.").

## Analysis

■ "To prosecute a juvenile in federal court, the government must follow the certification procedures required by 18 U.S.C. § 5032. Certification is a jurisdictional requirement." *United States v. Doe*, 170 F.3d 1162, 1165 (9th Cir.1999) (footnote omitted). 18 U.S.C. § 5032 provides:

A juvenile alleged to have committed an act of juvenile delinquency ... shall not be proceeded against in any court of the United States unless the Attorney General,[1] after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services ade-

---

1. 28 C.F.R. § 0.57 delegates authority to sign certifications to the Assistant Attorney General for the Criminal Division and his Deputy Assistant Attorneys General, who may delegate to the United States Attorneys. The Assistant Attorney General of the Criminal Division issued a Memorandum on March 12, 1985, delegating "to United States Attorneys the authority of the Assistant Attorney General in charge of the Criminal Division pursuant to 18 U.S.C. [§ ] 5032 ... and 28 C.F.R. [§ ] 0.57." *See also Juvenile Male (Kenneth C.)*, 241 F.3d at 687.

quate for the needs of juveniles, or *(3) the offense charged is a crime of violence that is a felony or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), ..., and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.*

(Emphasis added.) This circuit has allowed judicial review of the United States Attorney's certification to determine whether the certification was timely filed and regular on its face,[2] whether the United States Attorney signed the certification,[3] and whether the United States Attorney can delegate the responsibility to sign § 5032 certifications to an AUSA serving as an Acting United States Attorney.[4]

■■■ Although this court has not yet determined whether a court has jurisdiction to review the government's § 5032 certification that there is "substantial federal interest," eight of nine circuits have held that a court may not review such a certification.[5] *United States v. Doe,* 226 F.3d 672, 676–78 (6th Cir.2000), *cert. denied,* 531 U.S. 1103, 121 S.Ct. 840, 148 L.Ed.2d 720 (2001); *United States v. Smith,* 178 F.3d 22, 25–26 (1st Cir.1999), *cert. denied,* 528 U.S. 910, 120 S.Ct. 257, 145 L.Ed.2d 216 (1999); *United States v.*

*Jarrett,* 133 F.3d 519, 538–41 (7th Cir. 1998), *cert. denied,* 523 U.S. 1112, 118 S.Ct. 1688, 140 L.Ed.2d 824 (1998); *United States v. Juvenile Male, J.A.J.,* 134 F.3d 905, 906–09 (8th Cir.1998), *cert. denied,* 524 U.S. 961, 118 S.Ct. 2388, 141 L.Ed.2d 753 (1998); *In re Sealed Case,* 131 F.3d 208, 212–15 (D.C.Cir.1997); *United States v. Juvenile No. 1,* 118 F.3d 298, 303–07 (5th Cir.1997), *cert. denied,* 522 U.S. 976, 118 S.Ct. 432, 139 L.Ed.2d 332 (1997); *Impounded (Juvenile R.G.),* 117 F.3d 730, 733–36 (3d Cir.1997); *United States v. I.D.P.,* 102 F.3d 507, 510–13 (11th Cir. 1996), *cert. denied,* 522 U.S. 917, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997). Only the Fourth Circuit has held that the government's certification of a substantial federal interest is subject to judicial review. *United States v. Juvenile Male No. 1,* 86 F.3d 1314, 1317–21 (4th Cir.1996). In holding that there is no judicial review of the government's certification of substantial federal interest, the circuit courts have relied on traditional notions of prosecutorial discretion, the statute's structure and provisions, and legislative history. We agree with the reasoning and holdings of these cases.

■■■ "[T]he discretion a prosecutor exercises when he decides what, if any, charges

---

**2.** "Where, as here, a certificate was timely filed, and that certificate appeared regular on its face, the trial judge has no duty independently to investigate and determine if the certificate refers to the proper state court." *United States v. Gonzalez–Cervantes,* 668 F.2d 1073, 1077 (9th Cir.1981) (referring to § 5032(1)).

**3.** "[T]he United States Attorney, the person 'in whom the power to decide whether the United States will proceed against a juvenile is vested,' ... signed the Certificate." *Doe,* 170 F.3d at 1165 (quoting *United States v. Doe,* 98 F.3d 459, 461 (9th Cir.1996) (court vacated and remanded case where AUSA signed certification)).

**4.** *Juvenile Male (Kenneth C.),* 241 F.3d at 688 (allowing delegation of authority).

**5.** Three circuit courts have held that they will review a certification of substantial federal interest if the plaintiff alleges that the United States Attorney made the certification following an unconstitutional motive. *See United States v. Jarrett,* 133 F.3d 519, 539 (7th Cir. 1998); *Impounded,* 117 F.3d at 736; *United States v. C.G.,* 736 F.2d 1474, 1478 (11th Cir.1984). FSJ does not allege that the United States Attorney had an unconstitutional motive.

to bring against a criminal suspect[ ] . . . is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors." *United States v. LaBonte*, 520 U.S. 751, 762, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997). "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). *See also United States v. Palmer*, 3 F.3d 300, 305 (9th Cir.1993) ("[S]eparation of powers concerns prohibit us from reviewing a prosecutor's charging decisions absent a prima facie showing that it rested on an impermissible basis, such as gender, race or denial of a constitutional right."); *United States v. Redondo–Lemos*, 955 F.2d 1296, 1299 (9th Cir.1992) ("Prosecutorial charging and plea bargaining decisions are particularly ill-suited for broad judicial oversight. . . . Such decisions are normally made as a result of careful professional judgment as to the strength of the evidence, the availability of resources, the visibility of the crime and the likely deterrent effect on the particular defendant and others similarly situated."), *rev'd on other grounds*, 27 F.3d 439, 444 (9th Cir.1994) ("In *Redondo–Lemos I*, we stressed the extreme deference the courts must give to prosecutorial charging decisions. We reiterate this note of caution today.").

■ Similarly, the determination of a substantial federal interest draws on subjective assessments such as the general incidence of crime, the need for general deterrence, and enforcement priorities.

Thus, the determination of a substantial federal interest constitutes an exercise of prosecutorial discretion that is not readily subject to judicial review. *See, e.g., Juvenile Male J.A.J.*, 134 F.3d at 906–07; *In re Sealed Case*, 131 F.3d at 214; *Impounded*, 117 F.3d at 733–36; *I.D.P.*, 102 F.3d at 511–12.

■ The statute's text and structure also support the conclusion that Congress did not intend judicial review of the prosecutor's certification of substantial federal interest. *See, e.g., Juvenile Male J.A.J.*, 134 F.3d at 907–09; *In re Sealed Case*, 131 F.3d at 212; *Juvenile No. 1*, 118 F.3d at 304–06; *I.D.P.*, 102 F.3d at 511–13. Section 5032 does not explicitly authorize or prohibit judicial review of the certification. In contrast, § 5032 explicitly provides for judicial review of the Attorney General's motion to transfer for criminal prosecution: The section authorizes the district court to hold a hearing, make findings, and determine whether a transfer would be in the "interest of justice." "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (citations and quotations omitted).

■ Additionally, the statute does not define "substantial federal interest" nor does it include standards against which a court could evaluate the prosecutor's exercise of discretion. Conversely, the same section provides that courts "shall" consider and make findings with regard to six detailed factors for determining whether a transfer would be "in the interest of justice." [6] "[E]ven when Congress has not

---

6. With regard to transfers, § 5032 provides:

Evidence of the following factors *shall* be considered, and findings with regard to

affirmatively precluded judicial oversight, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Webster v. Doe*, 486 U.S. 592, 599–600, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) (citations and quotations omitted) (interpreting the Administrative Procedures Act).

 Finally, as the Fifth Circuit noted, the legislative history "indicates congressional intent to vest the federal prosecutor, not the court, with authority to decide whether a substantial federal interest exists in a particular case." *Juvenile No. 1*, 118 F.3d at 306. Discussing the addition of the "substantial federal interest" language, the Senate Report states that:

This change adopts in part the recommendation of the Attorney General's Task Force on Violent Crime that the Federal Government assume original jurisdiction over Federal crimes by juveniles, and is substantially the same as a provision in the Criminal Code Reform

each factor shall be made in the record, in assessing whether a transfer would be in the interest of justice: the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs designed to treat the juvenile's behavioral problems. In considering the nature of the offense, as required by this paragraph, the *court shall consider* the extent to which the juvenile played a leadership role in an organization, or otherwise influenced other persons to take part in criminal activities, involving the use or distribution of controlled substances or firearms. Such a factor, if found to exist, shall weigh in favor of a transfer to adult status, but the absence of this factor shall not preclude such a transfer.
(Emphasis added.)

legislation approved by the Committee in the last Congress.

S.Rep. No. 98–225, at 389 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3259 (footnote omitted). The Criminal Code Reform legislation committee report stated that:

The Committee has limited the provision to the more serious Federal felonies in the belief that the Federal government should still defer to State authorities for less serious offense[s] by juveniles. The Committee intends that the Federal prosecutor will consider the factors set forth in section 205 (with particular attention directed to subsection (b)(2)[) ] in deciding whether there is a "sufficient Federal interest in the case." It is believed necessary to afford the Attorney General this authority when a serious crime occurs in which there is a special Federal interest.

S.Rep. No. 97–307, 97th Cong., 1st Sess., 1179 (1981).[7] As the Eleventh Circuit noted:

**7.** Section 205 concerns the exercise of concurrent federal jurisdiction and establishes criteria for determining whether a "sufficient Federal interest" exists to warrant the exercise of federal jurisdiction. S.Rep. No. 97–307, at 57. That determination involves consideration of factors that inform the exercise of prosecutorial discretion and is not subject to judicial review. S.Rep. No. 97–307, at 58–59. Section 205, subsection b lists:

some of the considerations or circumstances that indicate the presence of a sufficient Federal interest. These include generally applicable considerations that would ordinarily influence a prosecutor in deciding whether to exercise Federal jurisdiction: the gravity of the Federal offense as compared to the State or local offense, the relationship of the offense to another Federal offense committed by the accused, and the relative likelihood of prompt and effective investigation and prosecution by Federal, State or local authorities in light of available resources and the nature and scope of the criminal activity involved.

Not only does [Senate Report No. 97–307] explicitly acknowledge that the legislation was designed to afford the Attorney General the authority to *decide* whether a federal interest exists but, perhaps more importantly, refers the federal prosecutor to a different section of the bill setting forth proposed criteria that a *prosecutor* should consider in deciding whether to seek a federal prosecution.

*I.D.P.*, 102 F.3d at 512.

In the only case going the other way, the Fourth Circuit relied in part on the Supreme Court's decision in *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). *Juvenile No. 1*, 86 F.3d at 1319–20. *Gutierrez* involved the Westfall Act, 28 U.S.C. § 2679, under which the Attorney General defends civil actions brought against United States employees and, under certain circumstances, certifies "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose[.]" *Id.* § 2679(d)(1). The Supreme Court held that certification was subject to judicial review for two main reasons: (1) the Attorney General had an overwhelming incentive to certify in order to avoid liability and safeguard federal funds and (2) courts traditionally review government officials' factual matter determinations that are dispositive of court controversies. *Gutierrez*, 515 U.S. at 424, 427, 429–30, 115 S.Ct. 2227. As the D.C. Circuit noted, "the reasoning of *Gutierrez de Martinez* is completely inapplicable to certification under the Juvenile Justice and Delinquency Prevention Act. Unlike the Westfall Act's 'scope of employment' certification, § 5032 certification is not influenced by similar incentives, nor does it conclusively resolve

S. Rep. No. 97–307, at 57.

the underlying case against the defendant." *In re Sealed Case*, 131 F.3d at 214.

Therefore, we join the majority of our sister circuits and hold that the United States Attorney's certification of a "substantial federal interest" under § 5032 is not subject to judicial review except for such formalities as timeliness and regularity (e.g., signed by the proper official) and for allegations of unconstitutional prosecutorial misconduct.

AFFIRMED.