**UNITED STATES of America,**
**Plaintiff,**

v.

**SCP, Defendant.**

**No. CR 08–14–BU–DWM.**

United States District Court,
D. Montana.

Oct. 30, 2008.

Marcia Hurd, Billings, Montana, for plaintiff.

Michael Donahoe, Federal Defender of Montana, Helena, Montana, for defendant.

## ORDER

DONALD W. MOLLOY, District Judge.

### I. Introduction and Factual Background

The United States charged the Defendant, a juvenile, with receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), 2252A(a)(5)(B). Because he is a juvenile, 18 U.S.C. § 5032 requires the government to file a certification which must state one of three bases to allow the proceeding to commence in federal court. The required certification was filed with the Information. In it, the United States Attorney relied on the third statutory basis for jurisdiction, stating that, "this case involves a crime of violence that is a felony (Receipt and Possession of Child Pornography), pursuant to 18 U.S.C. Section 3156(a)(4)(C), and there is a substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction."

At trial, the Defendant moved to dismiss the charges against him, arguing that the certification was invalid because the definition of "crimes of violence" relied on by the government does not apply to 18 U.S.C. § 5032. Defendant claimed that the Court had no jurisdiction over the matter because receipt and possession of child pornography are not crimes of violence under § 5032. The government stated at trial that subpart (3) of § 5032 was the sole basis for federal jurisdiction over this juvenile case, and denied that it was relying on either subpart (1) or (2) of § 5032 as the grounds necessary to establish federal juvenile jurisdiction.

The parties have briefed the issue of whether the certification was valid and whether the Court has jurisdiction over this juvenile crime. In its response brief, the United States concedes that SCP's legal position is correct and that the definition of "crimes of violence" in 18 U.S.C. § 3156(a)(4)(C) is inapplicable to the certification requirements of 18 U.S.C. § 5032. Despite its earlier position, the United States now attempts to certify under a different basis for jurisdiction under 18 U.S.C. § 5032, claiming after trial and after the proof has closed, that "the State does not have available programs and services adequate for the needs of juveniles." In support of this post trial new basis for certification, the government filed an affidavit from the Chief Juvenile Probation Officer in the applicable state district court that there are inadequate state services

and monetary resources available to serve SCP in the state system.[1]

## II. Analysis

A juvenile "shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies" one of three bases for a federal court to obtain jurisdiction over the matter. 18 U.S.C. § 5032. "If the Attorney General does not so certify, such juvenile shall be surrendered to the appropriate legal authorities of such State." *Id.*

■ In this case, the government relied on a basis for certification that "the offense charged is a crime of violence that is a felony ... and that there is a substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction." *Id.* In doing so, it looked to the definition of "crime of violence" which does not apply. *See* 18 U.S.C. § 3156(a)(4)(C); *See also* 18 U.S.C. § 2. The United States Attorney, after the trial, filed a new certification claiming federal jurisdiction is appropriate because "the State does not have available programs and services adequate for the needs of juveniles." *Id.* In support of their second certification, the government attempts to draw a fine distinction, arguing that the certification requirements are not necessary to create jurisdiction, but merely authorize the Court to exercise its jurisdiction, and, therefore, an error in certification does not require dismissal. The United States Attorney also claims that their new certification is not untimely and that failing to file an accurate certification earlier in the matter does not undermine the Court's jurisdiction. This is an argument made after the trial and proof is complete.

The Ninth Circuit has consistently held in juvenile cases that "[c]ertification is a jurisdictional requirement" and "the government must follow the certification procedures required by 18 U.S.C. § 5032." *U.S. v. Juvenile Male (Kenneth C.)*, 241 F.3d 684, 686 (9th Cir.2001) (quoting *U.S. v. Doe*, 170 F.3d 1162, 1165 (9th Cir.1999)). *See also U.S. v. Baker*, 10 F.3d 1374, 1396 (9th Cir.1993); *U.S. v. Juvenile Male*, 864 F.2d 641, 643 (9th Cir.1988). If the government does not comply with § 5032, "the district court ha[s] no authority to hear the case." *Juvenile Male (Kenneth C.)*, 241 F.3d at 686.

In one other case, the Ninth Circuit said that "filing of an *accurate* certification is not jurisdictional." *U.S. v. Gonzalez–Cervantes*, 668 F.2d 1073, 1077 (9th Cir.1981) (emphasis added). The government turns this into the fulcrum of their argument that an "accurate certification" is unnecessary to invoke the Court's jurisdiction. Govt.'s Br. at 7, 9. In *Gonzalez–Cervantes*, the Court concluded that because the certification appeared valid on its face, an error about which state district court could have exercised jurisdiction over the juvenile did not render the certification invalid. *Id.* at 1077–78. Similarly, the Ninth Circuit has said that it will not elevate form over substance when considering certifications, and precise wording is not necessary for a certification to be valid. *U.S. v. Doe*, 170 F.3d 1162, 1165 (9th Cir.1999). In contrast, the Ninth Circuit has concluded that a district court does not have jurisdiction over a juvenile proceeding if the certification contains more than "a technical or ministerial error." *U.S. v. Doe*, 98 F.3d 459, 461 (9th Cir.1996). That is the situation here. The new certification itself shows that the office of the United States Attorney recognizes that the mistake in its

---

1. This contention is seemingly at odds with the testimony of an investigating officer at trial. I do not consider whether there would be a *Crawford* problem if the case is not dismissed on jurisdictional grounds.

original certification is far more than a clerical or ministerial act.

The Ninth Circuit has previously noted that § 5032 contains no deadline for filing, and has noted some conflict among the Circuit's cases. *Baker*, 10 F.3d at 1396. As *Baker* recognized, the Ninth Circuit had previously stated that § 5032 "require[s] the government to file a special certification regarding the juvenile *before* it can proceed against that juvenile." *Juvenile Male*, 864 F.2d at 643 (emphasis added). *Baker* also recognized that in *Gonzalez–Cervantes*, the Ninth Circuit noted in dicta that § 5032 "does not set forth when the certification need be filed ... [and] does not state that proceedings cannot be undertaken until a certificate is filed." *Gonzalez–Cervantes*, 668 F.2d at 1077, n. 6. The issue of when a certification must be filed is not part of the Court's holding in *Gonzalez–Cervantes*. *Id.* Both the Sixth and Fifth Circuits have held that a proper certification does not need to be filed before proceedings against a juvenile can commence. *U.S. v. Chambers*, 944 F.2d 1253, 1257 (6th Cir.1991); *U.S. v. Cuomo*, 525 F.2d 1285, 1289 (5th Cir.1976).

Since *Baker*, the certification must be filed prior to the commencement of the proceedings. *See U.S. v. Doe*, 366 F.3d 1069, 1073, n. 2 (9th Cir.2004) (referring to the certification requirement as "a precondition to initiation of federal juvenile proceedings"). The Ninth Circuit has also referred to § 5032's requirements as "jurisdictional prerequisites [that are] necessary for federal court jurisdiction to exist." *U.S. v. Doe*, 13 F.3d 302, 304 (9th Cir. 1993), *overruled on other grounds, Doe*, 366 F.3d at 1075.

The United States Attorney has not properly complied with the jurisdictional requirements of 18 U.S.C. § 5032, and, therefore, the Court has no jurisdiction over SCP. *Juvenile Male (Kenneth C.)*, 241 F.3d at 686. As the government admits, the certification filed with the Information did not comply with § 5032, and at no time prior to or during trial was there a proper certification that would have established the Court's jurisdiction. By statute, it's too late to convert the problem when the "proceeding has reached the stage that evidence has begun to be taken." 18 U.S.C. § 5032.

■ Notwithstanding the Ninth Circuit's view that the certification requirements in § 5032 are jurisdictional, the United States Attorney argues that the Court has jurisdiction under 18 U.S.C. 3231, regardless of compliance with § 5032. Section 3231 grants federal courts jurisdiction over "all offenses against the laws of the United States." However, the Juvenile Delinquency Act defines juvenile delinquency as "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult." 18 U.S.C. § 5031. As one court has noted, pursuant to § 5031, "the federal court loses jurisdiction under § 3231 and does not regain it unless it is conferred pursuant to § 5032." *In re Sealed Case*, 131 F.3d 208, 211, n. 2 (D.C.Cir.1997).

The government's claim that it was not required to file an accurate certification to satisfy the jurisdictional requirement, is a futile effort to invoke the reasoning in *Gonzalez–Cervantes*. Its conclusion that certification is not a jurisdictional requirement is contrary to the Ninth Circuit's more recent cases. *Juvenile Male (Kenneth C.)*, 241 F.3d at 686; *Baker*, 10 F.3d at 1396. The argument that an "accurate certification" is unnecessary to establish jurisdiction is inapplicable to the facts before the Court. Unlike *Gonzalez–Cervantes*, there was not a factual error in the government's first certification in this case. Nor is this a situation where the govern-

ment did not follow the precise wording of the statute. *See Doe,* 170 F.3d at 1165. The first certification is invalid on its face, and it is insufficient to fulfill the requirements of § 5032. After a close look at the law, the government has now reversed its own position. It is obvious from the plain language of the statutes involved that the crime here is not a crime of violence. 18 U.S.C. § 2. The first certification is not only inaccurate, it is beyond the level of "a technical or ministerial error." *Doe,* 98 F.3d at 461.

The government's feeble effort to establish jurisdiction on a different legal certification is untimely. The second certification in this case was not filed "before it . . . proceed[ed] against" SCP. *Juvenile Male,* 864 F.2d at 643. In this case, not only did the government fail to file an adequate certification before this proceeding commenced; the second certification was filed after the arraignment, after the close of evidence, and more than a week after the trial concluded and the Court entered its findings. This is beyond the pale that any Court has allowed for a timely certification. *E.g. Chambers,* 944 F.2d at 1257 (certification timely when offered at the close of the government's case-in-chief). Rather than filing the certification as a "precondition" or "prerequisite" to the proceedings here, the second certification was a *post hoc* attempt by the United States Attorney to establish jurisdiction when it realized that the first certification was wrong. *Doe,* 366 F.3d at 1073, n. 2; *Doe,* 13 F.3d at 304.

The federal juvenile statutes were passed to "ensure that state and local authorities would deal with juvenile offenders wherever possible, keeping juveniles away from the less appropriate federal channels." *Juvenile Male,* 864 F.2d at 644. Given this policy, the United States is not at liberty to change the basis for certification at its convenience throughout the pro-

ceedings in an attempt to establish federal jurisdiction over SCP. The government's second certification in this case is untimely and cannot cure the first inadequate certification filed by the government. Because the United States did not properly comply with the jurisdictional certification requirements of 18 U.S.C. § 5032, the Court cannot exercise jurisdiction over this matter. The proof in the case itself shows the wisdom of Congress in leaving the indiscretions of youngsters to the states so that acts of immaturity do not lead to a lifetime of castigation.

Where the United States has filed an insufficient certification, the Ninth Circuit has stated that the charges should be dismissed without prejudice. *E.g. Doe,* 98 F.3d at 461. However, once a juvenile proceeding "has reached the stage that evidence has begun to be taken with respect to a crime or an alleged act of juvenile delinquency subsequent criminal prosecution or juvenile proceedings based upon such alleged act of delinquency shall be barred." 18 U.S.C. § 5032. The Court in this case has already tried SCP to conclusion. Any subsequent proceedings against SCP based on these alleged crimes are barred by statute, and the charges against him must be dismissed with prejudice.

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED and the Information (dkt. # 1) is dismissed with prejudice.